Jimmy SWAIN, Arlene Weaver and Frank W. Bower, Plaintiffs-Appellees,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellant.

No. 81–5228.

United States Court of Appeals, Eleventh Circuit.

May 17, 1982.

Nathan K. Kobin, Baltimore, Md., for defendant-appellant.

Chambers & Salzman, Barry M. Salzman, St. Petersburg, Fla., for Swain.

John L. McFadyen, Julian L. Miller, Pinellas Park, Fla., for Weaver and Bower.

Before GODBOLD, Chief Judge, HILL and FAY, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The Secretary of Health and Human Services appeals the decision of the district court ordering the Secretary to reimburse each appellee for any past reduction in Social Security disability benefits made as an offset for workmen's compensation benefits paid to each appellee under Florida law. The sole question presented is whether the district court erred in its interpretation of the offset provision in § 224 of the Social Security Act, 42 U.S.C. § 424a (1976).

## I. The Background of the Case

### A. The Statutory Framework

Federal Social Security benefits based on a worker's disability are provided by § 223 of the Social Security Act ("the Act"), 42 U.S.C. § 423 (1976). Section 224(a) of the Act provides an offset against those benefits for workmen's compensation received (normally under state law) by the beneficiary.[1] Generally, the offset applies when the total of an individual's benefits and workers' compensation exceeds eighty percent of his or her pre-disability earnings, and it reduces federal benefits by the excess. An exception to the operation of § 224(a) comes into effect if the workmen's compensation law provides an offset for entitlement to federal benefits; § 224(d) states:

> The reduction of benefits required by this section shall not be made if the workmen's compensation law or plan under which a periodic benefit is payable provides for the reduction thereof when anyone is entitled to benefits under this subchapter on the basis of the wages and self-employment income of an individual

---

[1] In relevant part, § 224(a) states:

(a) If for any month prior to the month in which an individual attains the age of 62:

(1) such individual is entitled to benefits under section 223 of this title, and

(2) such individual is entitled for such month, under a workmen's compensation law or plan of the United States or a State, to periodic benefits for a total or partial disability (whether or not permanent), and the Secretary has, in a prior month, received notice of such entitlement for such month, the total of his benefits under section 223 of this title for such month and of any benefits under section 202 of this title for such month based on his wages and self-employment income shall be reduced (but not below zero) by the amount by which the sum of—

(3) such total of benefits under section 223 and 202 of this title for such month, and

(4) such periodic benefits payable (and actually paid) for such month to such individual under the workmen's compensation law or plan, exceeds the higher of—

(5) 80 per centum of his "average current earnings", or,

(6) the total of such individual's disability insurance benefits under section 223 of this title for such month and of any monthly insurance benefits under section 202 of this title for such month based on his wages and self-employment income, prior to reduction under this section.

entitled to benefits under section 223 of this title.

Florida law, as the Secretary admits, does reduce workers' compensation payments to the extent that those payments and social security benefits aggregate to more than eighty percent of pre-disability earnings. *See* Fla.Stat. § 440.15(10); *Dep't of Transp., Div. of Risk Management v. Lindsey*, 383 So.2d 956 (Fla.App.1980). However, the state reduces its benefits only when federal benefits are *received.* The relevant subsection provides:

> No disability compensation benefits payable for any week ... shall be reduced pursuant to this subsection until the Social Security Administration determines the amount otherwise payable to the employee under 42 U.S.C. SS. 423 and 402 and the employee has begun receiving such social security benefit payments.

Fla.Stat. § 440.15(10)(c). Florida courts have held that the state statute does not allow for either retroactive application or for recovery of excess payments resulting from the employer's failure to take the appropriate reduction; imposition of an offset against workers' compensation by the amount of any past-due lump-sum social security benefits is thus precluded. *See Lindsey*, 383 So.2d 956; *Dep't of Transp. Div. of Risk Management v. Matthews*, 386 So.2d 892 (Fla.App.1980).

The Social Security Administration's interpretation of how the relevant federal and state statutes interact is set forth in its Claims Manual, which contains its operating instructions for adjudication. The manual, recognizing that Florida's workmen's compensation law provides for an offset, states that the § 224(a) reduction "is not applicable beginning with the month of adjudication." However, since the state offset is not effective until the receipt of the first federal disability benefit, the manual explains that the federal offset "is applicable after the month of notice up to (but not including) the month of adjudication."

### B. The Appellees' Benefits

Each of the appellees received an award of disability insurance under the Act. In addition to receiving benefits on a current basis beginning with the month of adjudication, appellees Bower and Weaver received lump-sum payments based on their eligibility for benefits prior to the month of adjudication. Appellee Swain received only a lump-sum award for a retroactive period.

Pursuant to its stated policy, the Social Security Administration imposed offsets on the lump-sum amounts due to the appellees' receipt of payments under the Florida Workmen's Compensation Act during the periods reflected by their disability awards. An administrative law judge upheld the reductions. Administrative review before the Administration's Appeals Council affirmed the judge's decision and resulted in the final decision of the Secretary for which review was sought in the district court.

The district court reversed the Secretary's decision and ordered the Secretary to repay the federal benefits withheld from the appellees. It held that Florida law "provides for" an offset for purposes of § 224(d) so that the § 224(a) reduction should not apply.

### II. The Application of the Federal Offset

In essence, the district court concluded that § 224(d) prohibits reduction of federal benefits where the workers' compensation plan allows reduction of the compensation during any of the time that an employee is entitled to disability benefits. It accepted the recommendation of a magistrate, who reported that the court should follow the decision in *Tarver v. Califano*, Civ. No. 76–969 (M.D.Fla. Sept. 12, 1977). Tarver had held:

> the phrase "provides for" in the context of Section 224(d) of the Social Security Act and in the context of ordinary usage means that there is such a law in existence. Whether the statute is mandatory or permissive makes no difference. *A law "provides for" the reduction of benefits when there is in existence a statute pursuant to which a reduction may be made, regardless of whether the reduction is actually made.* (Emphasis added.)

The appellees, of course, support this interpretation. They argue that § 224(d) is categorical in its application since it does not address when the workers' compensa-

tion law must provide for the reduction of benefits or the amount of reduction that must be provided.

The appellees contend that the language of § 224(d) is unambiguous, so that there is no need to inspect the legislative history to determine the intent of Congress. Covering all bases, however, they contend that the legislative history supports their view. They argue that Congress was worried about the impact of the social security disability program on the workmen's compensation systems of the states. In their view, the purpose of § 224(d) is to secure to the states the economic benefits of reduced compensation payments when concurrent entitlement to disability benefits exists. Rather than requiring the Social Security Administration to monitor the payment of workmen's compensation benefits, they argue, Congress created a more expedient solution in which the Administration is only required to look to the law under which the compensation is paid to see if any offset exists.

We disagree with the reasoning offered by the appellees and reject the interpretation adopted by the district court. The offset exception must be read in its entirety. It excepts a compensation law or plan that "provides for" a reduction "when any-

one is *entitled to*" social security benefits. Prior to adjudication and the subsequent receipt of disability payments, a proper claimant is entitled to benefits even though they are not being received. Thus, to the extent that Florida law does not reduce workers' compensation until the receipt of social security benefits, it cannot be said that the state's plan "provides for" a reduction so as to make § 224(d) of the Act applicable.[2] To the contrary, in such circumstances the offset of § 224(a) of the Act must apply.

Moreover, the statute must be considered as a whole, and the exception to the offset provision must be read in light of the purpose of the Act. *See generally,* C. Sands, 2A Statutes and Statutory Construction § 46.05 (4th ed. 1973). This broader analysis confirms the interpretation urged by the Secretary.[3]

"[I]t is clear from the legislative history that the purpose of [§ 224(a)] is to prevent the payment of excessive combined benefits." *Kananen v. Matthews,* 555 F.2d 667, 670 (8th Cir. 1977) (citing S.Rep. 404, 89th Cong., 1st Sess., *reprinted in* [1965] U.S. Code Cong. & Ad.News 1943, 2040). Such payment "was thought to cause two evils: first, it reduced a worker's incentive to return to the work place and hence impeded

---

**2.** In a similar context, a commentator who has addressed the applicability of the federal offset provision to Minnesota's workmen's compensation law has agreed with the meaning which we take from the Act's language:

> [T]he language of the federal statute saying that its offset does not apply to a state compensation law that offsets social security benefits does not explicitly deal with the [state] situation in which, for a time, there is no state offset, and then after a certain amount of benefits has been paid the offset takes hold. It will undoubtedly be contended that, as a matter of common sense, the federal statute means that its offset should not apply if the state act itself is making an offset for the same week .... [T]he result would seem to be that [when the state offset is triggered, it] would take over and replace the federal offset, which presumably would have been operating up to that time.

A. Larson, 4 The Law of Workmen's Compensation § 97.35 n.53 (1981).

**3.** Another district court decision in this circuit relied on the purpose of the Act in rejecting the interpretation urged by the plaintiff there and

the appellees here. *Durrance v. Califano,* [1979 Transfer Binder] Unempl.Ins.Rep. (CCH) ¶ 16,-287 (S.D.Fla.1978). In that case, the magistrate's report stated:

> Although the plaintiff's interpretation of the statute is literally correct in that the statute clearly makes an exception to the offset requirement if the state *provides for* a similar offset, such an interpretation is not consistent with the legislative intent. In proposing amendments to the Social Security law to reduce disability benefits on account of receipt of workmen's compensation benefits, the legislative history indicates an intent to "prevent the payment of excessive combined benefits" in response to "the concern that has been expressed by many witnesses in the hearings about the payment of disability benefits concurrently with benefits payable under State Workmen's Compensation programs."

*Id.* (quoting S.Rep. 404, 89th Cong., 1st Sess., *reprinted in* [1965] U.S.Code Cong. & Ad.News 1943, 2040).

rehabilitative efforts; and second, it created fears that the duplication of benefits would lead to an erosion of state workers' compensation programs." *Freeman v. Harris*, 625 F.2d 1303, 1306 (5th Cir. 1980); *accord, Richardson v. Belcher*, 404 U.S. 78, 83, 92 S.Ct. 254, 258, 30 L.Ed.2d 231 (1971). The interpretation of the district court here allows the very result Congress acted to prevent in § 224: the receipt of duplicative state and federal benefits.

The purpose of the § 224(d) offset exception in the scheme created by Congress seems only to have been the prevention of a double offset, so that federal and state plans would not both offset the benefits that were provided by each other. The Secretary's interpretation is consistent with that goal. Even if the offset exception was also intended to secure the states the economic benefits of reduced compensation payments, the Secretary's view is not incongruous.

### III.   Conclusion

The district court erred in its interpretation and application of § 224(d) of the Social Security Act; its decision is

REVERSED.