195 N.J. Super. 185 (1983)
478 A.2d 1195
WILLIAM R. RIES, PETITIONER-RESPONDENT,
v.
HARRY KANE, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 24, 1983.
Decided July 7, 1983.
*186 Before Judges FRITZ, JOELSON and PETRELLA.
William P. Freeman argued the cause for appellant (Freeman and Barton, attorneys).
Louis F. Hornstine argued the cause for respondent.
The opinion of the court was delivered by PETRELLA, J.A.D.
This workers' compensation appeal arises because of two separate offset provisions in Chapter 83 of the Laws of 1980 (hereinafter Chapter 83) taking into account social security benefits. It also involves novel questions of the interrelationship of those offsets with an offset in the federal social security laws. The State legislation essentially establishes a formula for a "special adjustment benefit payment" with a social security offset for workers permanently disabled under statutory benefit schedules in effect prior to July 1, 1980. As of that date the maximum workers' compensation benefit was increased to $185. The chief judge of compensation applied the social security offset under section 1 of that law but refused to apply it under section 9 on the ground that federal law had been satisfied, and thus precluded further reduction of benefits.
Petitioner filed his workers' compensation claim in October 1977 based on injuries received when he was "struck by [a] piling while in the course of his employment." Initially there was a dispute as to whether or not the proper forum was before a federal agency under the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. However, the matter eventually proceeded before New Jersey's Workers' *187 Compensation Division, and on February 19, 1981 appellant conceded that petitioner was totally disabled and entitled to compensation of $138 per week, the then applicable maximum rate of weekly compensation. Although appellant had sought to reduce its liability by "whatever offset it may be entitled" to under N.J.S.A. 34:15-95.4 ("section 1") and 95.5 ("section 9"), as enacted in Chapter 83,[1] the order entering judgment in the Workers' Compensation Division provided for the weekly amount without a ruling on the claimed offset.
Because the entered judgment did not resolve the offset issue one way or the other, appellant promptly moved in the Division to amend the judgment in order to obtain credit for an offset under section 9 of Chapter 83 to reduce weekly compensation payments. The chief judge of compensation in a January 25, 1982 opinion ruled that what would have been a $47 per week ($203.67 per month) special adjustment benefit under section 1 was totally offset by petitioner's social security disability benefit payments. Moreover, because the provisions of 42 U.S.C. § 424a(d) preclude a federal offset where there is a State offset there was no offset to be applied under section 9. He entered an appropriate order on February 23, 1982, and it is from this order that the employer appeals. We affirm.
This appeal arises in the context of whether the compensation judge correctly applied the offsets for social security disability benefits payable to petitioner-respondent Ries (petitioner) in denying the motion of appellant employer (appellant) for an amendment of the judgment in order to obtain credit by way of *188 offset to reduce the workers' compensation payments it had been ordered to pay.
Both sections 1 and 9 contain provisions for reduction of benefits payable. The bill that became Chapter 83 was Assembly Bill 1206 (1980). As originally introduced in the Legislature it contained an offset provision only in section 1. Subsequent amendments were made to the bill during the course of the legislative process. Although these amendments affected section 1, there was no substantial change in the application of its offset provision. As enacted section 1 reads as follows:
Any employee or dependent receiving further weekly benefits as provided under R.S. 34:15-95, R.S. 34:15-12(b) or R.S. 34:15-13 at a rate applicable prior to January 1, 1980, and whose payment is less than the maximum compensation rate in effect for the year 1980 shall be entitled to receive a special adjustment benefit payment from the fund provided for by R.S. 34:15-04 and R.S. 34:15-95 and from those sources as provided for by this amendatory and supplementary act.
* * * * * * * *
The amount of the special adjustment benefit payment shall be such that when added to the worker's compensation rate awarded pursuant to R.S. 34:15-95, R.S. 34:15-12(b), R.S. 34:15-13 or this section as a result of injury or death, the total shall bear the same percentage relationship to the 1980 maximum workers' compensation rate that the worker's own compensation rate awarded as a result of the injury or death bears to the then effective maximum workers' compensation rate. The amount of the special adjustment benefit shall be payable at a rate of 35% of the adjustment during the fiscal year 1981 commencing July 1, 1980; 75% of the adjustment during the fiscal year 1982; and 100% of the adjustment during the fiscal year 1983 and thereafter. The special adjustment benefit payment provided herein shall be reduced by an amount equal to the individual's benefit payable under the Federal Old-Age Survivors and Disability Insurance Act (not including increases in such benefits due to any Federal statutory increases after June 30 May 31, 1980),[2] Black Lung benefits, or the employer's share of disability pension payments received from or on account of an employer. Where any person refuses to authorize the release of information concerning the amount of benefits payable under the aforementioned benefits, the division's estimate of said amount shall be deemed to be correct unless and until the actual amount is established and no adjustment shall be made for any period of time covered by any such refusal. [N.J.S.A. 34:15-95.4].
*189 Assembly Bill 1206 (1980), as originally introduced, did not contain what is now section 9 of the Act. That section was added by Senate amendments just before passage. As introduced in the Legislature, A-1206 originally contained only nine sections, and the original section 9 (which became section 10) contained the effective date. The "new" section 9, as enacted, also contained a different provision for reduction (or offset) of benefits by social security payments, but with limitations. That section reads as follows:[3]
For persons under the age of 62 receiving benefits as provided under R.S. 34:15-95, or R.S. 34:15-12(b), and whose period of disability began after June 1, 1965, such compensation benefits shall be reduced by an amount equal to the disability benefits payable under the Federal Old-Age, Survivors and Disability Insurance Act as now or hereafter amended not to exceed the amount of the reduction established pursuant to 42 U.S.C. 424a. However, such reduction shall not apply when the combined disability benefits provided under R.S. 34:15-95, or R.S. 34:15-12(b), and the Federal Old-Age, Survivors and Disability Insurance Act is less than the total benefits to which the Federal reduction would apply, pursuant to 42 U.S.C. 424a. Where any person refuses to authorize the release of information concerning the amount of benefits payable under said Federal act, the division's estimate of said amount shall be deemed to be correct unless and until the actual amount is established and no adjustment shall be made for any period of time covered by any such refusal. [L. 1980, c. 83, § 9; N.J.S.A. 34:15-95.5].
Although there are two provisions in Chapter 83 for reduction of workers' compensation benefits by social security benefits they are not identical in wording or application. The section 1 reduction is by the entire benefit payable without regard to cost of living increases after May 31, 1980. Unlike section 9 of the statute, it is not limited to the amount of the reduction allowed under 42 U.S.C. § 424a. Thus, whether considering the $866.90 social security benefits payable (including dependents) as taken into account by the federal statute, or petitioner's individual $653.20 monthly social security benefit *190 payment[4] it makes no actual difference here in applying section 1 of Chapter 83. Either amount substantially exceeds what would have been the $203.67 per month special adjustment benefit calculated under N.J.S.A. 34:15-95.4, and it totally offsets that benefit. Although section 1 applies without regard to a worker's age, it applies only to workers being paid at the disability rate in effect before January 1, 1980. Thus, it applies to an ascertainable and limited number of individuals.
On the other hand, section 9 applies only to persons under age 62 (petitioner here is in that category), but there are limitations on any benefit reduction. The first limitation is that the reduction cannot exceed the reduction, if any, authorized against social security benefits under 42 U.S.C. § 424a. Secondly, the reduction does not apply when the combined benefits under the second injury fund (N.J.S.A. 34:15-95) or total permanent total disability payments (N.J.S.A. 34:15-12b) and social security benefits are less than the total benefits to which the federal reduction would apply under section 424a. In addition, under the federal statute and implementing regulations all social security benefits payable to a person because of the disability are aggregated, including payments to or for a spouse and any children. Hence, section 9 was not intended to apply in all circumstances. Furthermore, in the form originally introduced[5] (and before successive amendments), A-1206 contained only the section 1 offset. It thus is logical to conclude that section 1 was initially intended as the sole integration with social security benefits for employees who were disabled at pre-1980 rates, and thereby providing what is referred to as the "reverse offset" allowed by 42 U.S.C. § 424a(d) for those *191 individuals receiving disability under workers' compensation disability rates in effect prior to 1980. The federal statute allows a reduction either of social security benefits, or those benefits payable under a State "workers' compensation law or plan," but not both. 42 U.S.C. § 424a(a)(2) and (d).
Prior to August 21, 1980 (Chapter 83's effective date) a New Jersey employee's social security disability benefits would be reduced by the Social Security Administration by his New Jersey workers' compensation benefits under the formula in 42 U.S.C. § 424a(a). That sub-section provides in part (with the qualification in sub-section (d) hereinafter mentioned) for individuals not yet age 65 who receive both social security disability and workers' compensation benefits, that social security payments "shall be reduced (but not below zero) by the amount which the sum of" social security and workers' compensation benefits "exceeds the higher of" (1) 80% of "average current earnings (as defined)[6] or (2) the total of social security disability and old age and survivors' benefits payable. 42 U.S.C. § 424a(a). (Petitioner here received only social security disability.) However, under sub-section 424a(d) there can be no reduction in social security benefits where an offset is taken for such benefits by reducing workers' compensation benefits. The employee's total social security payment for federal offset purposes, insofar as applicable under the federal act, was $866.90 *192 per month.[7] Because the "higher" of the latter two figures is $866.90, that amount[8] is subtracted from the total of social security benefits taken into account under the federal law and the monthly workers' compensation benefits (here $866.90 + $598 = $1,464.90 - $866.90 = $598) in computing any offset under 42 U.S.C. § 424a(a), resulting in a claimed offset here of $598, if such offset is not precluded by section 424a(d).
As a result of the section 1 offset petitioner receives no special adjustment benefit payment. (This also apparently applies to other employees in many cases.) Appellant argues that in addition to the offset taken under section 1 (or the portion used there) if any portion of petitioner's social security benefit had not been used in reducing the section 1 benefit, appellant is also entitled to a section 9 offset equal to the amount by which the social security benefit exceeds the amount used to offset the special adjustment benefit. The formula used here actually results in the amount of the lesser benefit being the amount of the claimed offset. Coincidentally that amount also equals petitioner's workers' compensation benefit and would result in the employer not being responsible to pay any benefit. Because in most cases social security benefits received by a disabled employee exceed the potential special adjustment benefit payment, appellant argues that "benefit payable" really means net benefit payable. It argues this is the amount *193 remaining after applying the 42 U.S.C. § 424a(a) offset under section 1, and before applying it under section 9 of Chapter 83.
To illustrate, appellant would apply the net benefit payable "as if section 9 had not been enacted." Under such an approach the section 424a(a) offset would be $598 under the formula referred to above. Subtracting that figure from the $866.90 social security benefit amount used under the federal statute, would result in a $268.90 net benefit payable. However, applying that figure under section 1 and subtracting that amount from the special adjustment benefit of $203.67 results in a minus figure and no special adjustment benefit payable at all. Appellant would then apply section 9 and the unused portion of the social security offset of $598 (which coincidentally is exactly how much petitioner is receiving in workers' compensation) resulting in appellant no longer having to make any payment to petitioner. Appellant would apportion petitioner's benefits as follows:

 Social Security $866.90
 Workers' Compensation -0-
 Special Adjustment Benefit -0-
 _______
 $866.90

Appellant further argues that the thrust of Chapter 83 was to allow employers who were either self-insured or insurors of employers under the workers' compensation laws (it concedes that the true appellant is in the latter position) to take advantage of the offset previously taken by social security for workers' compensation benefits paid. Although this was one practical effect of section 9 (which also contained what is referred to as a "reverse offset" provision)[9] and 42 U.S.C. § 424a, particularly as to employees disabled after 1979, the *194 legislative history does not support appellant's thesis that this was the thrust of Chapter 83, or even a concern of the Legislature, with respect to individuals who were disabled before 1980. Indeed, enactment of L. 1983, c. 97 undercuts that argument as to pre-1980 disabled employees. See pages 198-199, infra.
The section 1 offset was intended to reduce the impact on self-insureds or insurors of what was in effect a cost of living adjustment or so-called "special adjustment benefit payment." That benefit was to "be reduced by an amount equal to the individual's benefit payable under the Federal Old-Age Survivors and Disability Insurance Act...." N.J.S.A. 34:15-95.4. That reduction was exclusive of increases in such benefits after May 31, 1980 and certain categories of benefits not applicable here.
As noted, the bill that eventually became Chapter 83 had been introduced in the Legislature as Assembly Bill 1206 (1980). During the course of enactment into law, it was amended in the Assembly Labor Committee as well as in the Senate. Those amendments have caused differing interpretations in the workers' compensation division as evidenced by the companion appeal in Stickna v. Sczynko, A-3196-81, N.J. Super.Ct., App. Div. which we have also decided this date. A predecessor of A-1206 had been introduced in the previous Legislature as Assembly Bill 1735 (1978) and had been passed by the Legislature, but vetoed by Governor Byrne primarily because of problems of financing. Indeed, A-1735 was narrower in scope than A-1206. The legislative history of A-1735 clearly shows the efforts by its sponsors to increase what they considered were outdated workers' compensation rates being paid to totally disabled workers and to dependents of workers who died due to work-connected injuries. The purchasing power of benefits under the old rates had eroded due to inflation. Although there had been clear support from the sponsors, disabled individuals and workers' organizations, there had also been countervailing opposition from representatives of business, insurors and self-insured employers essentially because of the costs involved. L. *195 1979, c. 283 contained cost reduction provisions as well as increased benefits. Hence, A-1206 attempted to avoid duplicate benefits to a certain extent while providing relief to those employees who had been disabled before 1980. Ironically, the section 1 offset apparently is ineffective for a large percentage of those thought to have been benefited. If the section 9 offset also were to apply, the benefit would in such cases only be to workers' compensation insurers and self-insurers and would have entirely defeated the Legislative purpose in enacting A-1206 because pre-1980 employees would, for the most part, be no better off than before its enactment. The Legislature could hardly have intended that result.
Appellant then argues that the employee realizes the Legislature's goal of receiving at least the 1980 maximum ($801.66), while allowing the greatest social security offset claimable by workers' compensation insurors. The advantage to appellant of this interpretation is obvious: it would be relieved of any obligation at all. Social security would fully compensate petitioner. Because the Social Security Administration no longer took an offset, the employee would receive the full amount of such benefits, which was the equivalent of what he formerly received from social security as reduced by the amount of the compensation award and the full amount of workers' compensation award.
It is no argument to say that the pre-1980 disabled employee's total benefit theretofore received would not be reduced. Nor is it a persuasive argument to say that for those employees they will be able to receive more of their social security benefits because as a result of the reverse offset the Social Security Administration will now pay its disability benefits without reduction. To conclude as appellants suggest would in effect cancel the petitioner's workers' compensation benefit in its entirety. We agree with the compensation judge that such an interpretation is not reasonable in light of the legislative purpose behind Chapter 83 to provide the disabled worker who has retired prior to January 1, 1980, the effective date in L. 1979, c. *196 283, § 19, "a measure of relief from the loss of buying power caused by inflation."
Appellant argues that the statute must be read as a whole and effect given to the extent possible to the entire statute, including section 9 as well as section 1. See, e.g., Peper v. Princeton University Bd. of Trustees, 77 N.J. 55, 68 (1978). We agree with that general principle except that here, by operation of section 1 of the statute, section 9 does not apply. Absent section 9 the Federal Social Security Administration under 42 U.S.C. § 424a(a) would have continued to reduce social security disability benefits for work-connected injuries occurring on or after January 1, 1980 because they are not covered by section 1, except that by reason of the Omnibus Budget Reconciliation Act of 1981, 95 Stat. 357, P.L. 97-35,[10] such workers who incur disability on or after February 13, 1981 will be subject to the federal offset provisions for the three-year period between ages 62 to 65. In addition, these amendments preclude the adoption of a state law reverse offset if the state law was not in effect on February 18, 1981. 42 U.S.C. § 424a(d).
We regard the approach taken by the compensation judge as not only more closely achieving the true legislative purpose, but avoiding the anomalous result of a bill which is intended to increase benefits, yet does not do so. As aptly stated by the compensation judge:
The fact that the New Jersey worker will receive the money previously withheld by the Federal Social Security agency is certainly within the spirit of the legislative purpose in the enactment of this legislation which was to provide a measure of relief to the disabled from the ravages of inflation. It should be noted that slightly over 50% of the totally disabled and Second Injury Fund beneficiaries will receive not one penny additional supplement to the Workers' Compensation benefit under this legislation.
Furthermore, our review of the legislative history of Chapter 83 demonstrates that its principle thrust was to increase the weekly workers' compensation benefits payable to those totally *197 disabled by accidents occurring before 1980 when L. 1979, c. 283 increased the maximum weekly benefits payable for various categories of disability. See N.J.S.A. 34:15-10. We are of the opinion that the compensation judge correctly analyzed L. 1980, c. 83, § 9, in concluding that no offset was necessary or possible under section 9.
Both 42 U.S.C. § 424a(d) and the social security regulations expressly preclude a reduction in social security disability benefits based upon state workers' compensation benefits if state law provides (as does Chapter 83) for a reduction of the workers' compensation benefits by reason of payment of social security benefits. Section 424a(d) provides:[11]
The reduction of benefits required by this section shall not be made if the law of plan described in subsection (a)(2) of this section under which a periodic benefit is payable provides for the reduction thereof when anyone is entitled to benefits under this subchapter on the basis of the wages and self-employment income of an individual entitled to benefits under section 423 of this title, and such law or plan so provided on February 18, 1981.
See Social Security Handbook (7 ed. 1982), §§ 503-504 at 77-79 (Pub. No. (SSA) 05-10135). We agree with the chief judge of compensation that the State reduction need only be a significant reduction and need not necessarily be on a dollar-for-dollar basis. Hence, the offsetting of the special adjustment benefit by application of section 1 of Chapter 83 for workers disabled before January 1, 1980 satisfies the federal requirement. This, together with the fact that L. 1980, c. 83, § 10 makes Chapter 83 effective immediately and applicable to benefits payable on and after July 1, 1980, allowed section 1 to make operative the provisions of 42 U.S.C. § 424a(d).
In summary, section 9 (N.J.S.A. 34:15-95.5 as originally enacted) also provides an offset for disability benefits payable under the social security law, but those disability benefits were "not to exceed the amount of the reduction established pursuant *198 to 42 U.S.C. 424a." Sub-section (d) of section 424a precludes reduction when a state's workers' compensation law (referred to in sub-section (a)(2)) provides for a reduction in compensation for persons receiving social security disability benefits. This has occurred in applying section 1 of Chapter 83. Hence, section 9 does not apply to petitioner. Likewise, because of sub-section (d) there are no "total benefits to which the federal reduction would apply" (N.J.S.A. 34:15-95.5) because the sub-section (a) reduction which would otherwise have applied has been eliminated or wiped out by the application of section 1 (N.J.S.A. 34:15-95.4) as provided by section 424a(d).
We turn now to the amendment enacted by L. 1983, c. 97. As originally enacted section 9 contained the June 1, 1965 cut-off date which apparently only had significance in that the federal offset would only apply if the period of disability for social security purposes began after June 1, 1965. Effective March 11, 1983, Chapter 97 changed the June 1, 1965 date to December 31, 1979. At oral argument appellant raised the question of whether the 1983 amendment has retroactive effect. See Gibbons v. Gibbons, 86 N.J. 515, 522-523 (1981). We invited supplemental briefs on the issue. We need not decide that issue here because we are satisfied that regardless of the date in section 9, the legislative intent that section 9's offset does not apply to petitioner is clarified, but remains unchanged. With respect to legislative intent the Assembly Labor Committee statement to Assembly Bill 1548 (1982) which became Chapter 97, stated:
This Bill would amend P.L. 1980, c. 83 to ensure that no permanently totally disabled person would have his workers' compensation payment off-set twice by the benefit he receives under the Federal Old-Age, Survivors and Disability Insurance Act (42 U.S.C. § 424a).
The statement went on to say that the purpose of the Bill was to clarify the relationship between sections 1 and 9 because of differing interpretations by judges of compensation. It concluded by saying that the bill was "in no way intended to change or modify any offset provision hitherto established by law."
*199 The same result would obtain whether the date in section 9 were June 1, 1965 or December 31, 1979, or any intervening date. In other words, the reduction of the workers' compensation benefit by operation of the section 1 offset in Chapter 83 effectively canceled the federal social security disability benefit offset in accordance with 42 U.S.C. § 424a(d). The limitation in section 9 of Chapter 83 prohibiting a reduction beyond that authorized in section 424a, which obviously includes sub-section (d), results in a zero reverse offset under State law because there is no reduction under sub-section (a).[12] The federal statute mandates that the reduction of benefits shall not be made if the state plan provides for a reduction. 42 U.S.C. § 424a(d). Cf. Swain v. Schweiker, 676 F.2d 543 (11 Cir.1982), cert. den. 459 U.S. 991, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982).
The result is that petitioner's weekly compensation rate remains at $138 per week or $598 per month. His potential special adjustment benefit of $47 weekly or $203.67 per month under N.J.S.A. 34:15-95.4 (which we have referred to as section 1) is totally offset and eliminated by the offset of his social security benefit payments as provided in that same section. However, notwithstanding that he is thus entitled to no special adjustment benefit payment, the application of that offset effectively precludes any reduction or offset of petitioner's weekly workers' compensation disability benefit payments under section 9 of the statute.
Affirmed.
NOTES
[1] L. 1983, c. 97 amended L. 1980, c. 83 to change the applicable date of the social security offset provision for individuals under age 62 from June 2, 1965 to January 1, 1980. The effect of that amendment is discussed hereinafter, but for present purposes we note that by its terms section 9 would now be expressly inapplicable to petitioner, who filed his claim petition in 1977 when he was about the age of 30, because his disability began prior to 1980. Appellant so concedes except that it argues that this section was nonetheless applicable to petitioner from July 1, 1980 through March 11, 1983 which was the effective date of L. 1983, c. 97.
[2] An amendment to this section, L. 1981, c. 149, effective May 21, 1981, changed the June 30, 1980 date to May 31, 1980, but that change does not affect our determination in this case.
[3] This quotation does not take into account the amendment by L. 1983, c. 97, effective March 11, 1983.
[4] This was the amount applicable at the time of the entry of the workers' compensation judgment.
[5] The governor's office had proposed enactment of A-1206 as a replacement for A-1735 (2nd OCR) (1978) which the governor pocket vetoed under the provisions of N.J.Const. (1947), Art. V, § I, par. 14(b) on February 28, 1980. The matter is discussed in detail infra.
[6] The federal statute defines "average current earnings" by a somewhat complicated formula, but it is sufficient to say for present purposes that the 80% of petitioner's average current earnings was $780 per month. For the sake of consistency with the judge's calculations, all figures are stated in monthly terms. Where a sum was originally stated as a weekly amount, it has been multiplied by 52 and divided by 12 to yield the equivalent monthly amount.

The offset provision in the cited federal statute has survived constitutional attack. Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231, 236 (1971), and has been explained as being intended to prevent the payment of excessive combined benefits. Kananen v. Matthews, 555 F.2d 667, 670 (8 Cir.1977), cert. den. 434 U.S. 939, 98 S.Ct. 429, 54 L.Ed.2d 298 (1977).
[7] That figure included payments to him and also those received by his wife and on behalf of a child. It disregarded any cost of living adjustments. The social security benefit payable solely to the employee at the time of the judge of compensation's determination was $653.20 per month. Although there are two separate sections providing for social security offsets under L. 1980, c. 83, the section 1 offset contains no limitation and refers apparently only to the employee's benefit, whatever the amount. Contrasted with this is section 9 which limits the offset to that allowable under 42 U.S.C. § 424a(a).
[8] The judge of compensation's opinion erroneously used the lower of the two figures ($780) in his computations and the parties likewise continued to use that figure. It actually makes no difference in this case because we agree with the judge of compensation that the offset does not apply under section 9 because of section 424a(d).
[9] This apparently was along the lines of a state of Washington statute providing for such an offset. See Wash. Rev. Code § 51.32.220. A few other states have adopted similar types of reverse offsets, but no state statute that we are aware of (and none has been brought to our attention) has what appears to be two different offset provisions comparable to what appears in sections 1 and 9 of the New Jersey legislation.
[10] § 2208, at 95 Stat. 839-840; see 42 U.S.C. § 424a.
[11] We note that appellant's brief not only gave passing mention to sub-section (d), but in the instance where it was quoted omitted the word "not" in the first line.
[12] In supplemental briefs filed in accordance with our request on the subject of the effect of L. 1983, c. 97, appellant argues that the Social Security Administration relied on the section 9 offset in concluding that the New Jersey law provided the reverse offset which satisfied the federal statute. Aside from any question of appellant's standing to rely on that argument, we find it unpersuasive. Section 9 provides authorization for shifting the offset from social security to workers' compensation payments for affected employees disabled after January 1, 1980. However, section 1 effectively accomplishes that result for affected employees disabled prior thereto.