Guiseppe **SCIAROTTA**, Plaintiff,

v.

**SECRETARY OF HEALTH & HUMAN SERVICES,** Defendant.

Civ. No. 85–2507.

United States District Court,
D. New Jersey.

Nov. 14, 1986.

Gary E. Adams, Pellettieri, Rabstein & Altman, Trenton, N.J., for plaintiff.

Thomas W. Greelish, U.S. Atty., Viola Lordi, Stephanie A. Ebers, Sp. Asst. U.S. Attys., Newark, N.J., for defendant; Annette H. Blum, Chief Counsel, Dept. of Health and Human Services, Region II, of counsel.

## OPINION

COWEN, District Judge:

### FACTS AND PROCEDURAL HISTORY

Guiseppe Sciarotta was employed by Trenton Pipe & Nipple Company. On July 19, 1979, he had a heart attack at work. He has been disabled since that time.

Sciarotta filed a claim for worker's compensation in August 1979. In October 1981, the claim was settled for a lump sum of $40,000. Sciarotta applied for and received social security disability benefits. The Social Security Administration, however, reduced his social security award because of his receipt of worker's compensation. This decision was made final on March 27, 1985 when the Appeals Council of the Social Security Administration denied plaintiff's request for review.

Sciarotta appeals to this court pursuant to 42 U.S.C. 405(g), contending that the Social Security Administration should not have reduced his social security benefits because to do so amounts to a "double offset." Alternatively, he disputes the method the Social Security Administration used to compute the reduction.

### DISCUSSION

A understanding of the issue in this case begins with 42 U.S.C. 424a which provides, in relevant part:

**(a) Conditions for reduction; computation**

If for any month prior to the month in which an individual attains the age of 65—

(1) such individual is entitled to benefits under section 423 of this title, and

(2) such individual is entitled for such month to periodic benefits on account of such individual's ... disability ... under—

(A) a workmen's compensation law or plan of ... a State

.    .    .    .    .

the total of benefits under section 423 of this title for such month ... shall be reduced (but not below zero) by the amount by which the sum of—

(3) such total benefits under sections 423 and 402 of this title for such month, and

(4) such periodic benefits payable (and actually paid) for such month to such individual under such laws or plans, exceeds ...

(5) 80 per centum of his "average current earnings"....

Thus disability benefits are to be reduced if a person receives worker's compensation benefits so that the disabled person does not receive a windfall.

There is an exception, however. 42 U.S.C. 424a(d) provides, in relevant part:

**(d) Exception**

The reduction of benefits required by this section shall not be made if the law or plan described in subsection (a)(2) of this section under which a periodic benefit is payable provides for the reduction thereof when anyone is entitled to benefits under this subchapter....

With this exception, Congress permitted a state to deprive the Social Security Administration of the savings which would be achieved by the offset and achieve those savings for the benefit of its worker's compensation carriers. Thus we must turn to New Jersey law to determine whether New Jersey has done so.[1]

At the time plaintiff settled his worker's compensation claim, N.J.S.A. 34:15–95.4 and 95.5 provided, in relevant part:

95.4 Any employee ... receiving further weekly benefits as provided under R.S. 34:15–95, R.S. 34:15–12(b) or R.S. 34:15–13 at a rate applicable prior to January 1, 1980, and whose payment is

---

1. The Secretary has not contended that this court should defer to the Social Security Administration's legal interpretation of the combined effects of federal law and New Jersey law. Nor has the Secretary directed the court's attention to any regulation promulgated by the Social Security Administration concerning the precise issues decided here. *Cf. Schweiker v. Gray Panthers,* 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981).

less than the maximum compensation rate in effect for the year 1980 shall be entitled to a special adjustment benefit. . . .

.   .   .   .   .

The special adjustment benefit payment provided herein shall be reduced by an amount equal to the individual's benefit payable under the Federal Old-Age Survivors and Disability Insurance Act.

95.5 For persons under the age of 62 receiving benefits as provided under R.S. 34:15–95, or R.S. 34:15–12(b), and whose period of disability began after June 1, 1965, such compensation benefits shall be reduced by an amount equal to the disability benefits payable under the Federal Old-Age, Survivors and Disability Insurance Act, as now or hereafter amended, not to exceed the amount of the reduction established pursuant to 42 U.S.C. 424a.

The statutory authorization for a lump-sum settlement of worker's compensation claims is 34:15–20. The Secretary notes that neither of the offset provisions quoted above provide for the reduction of payments made pursuant to 34:15–20, but rather only refer to 34:15–12(b), 34:15–13, and 34:15–95.[2] The Secretary concludes from this that since New Jersey does not provide for the reduction of lump-sum settlements because of the receipt of social security benefits, the Social Security Administration must reduce social security benefits because of the receipt of worker's compensation benefits.

This argument is unpersuasive. First, the Secretary's position is inconsistent in that the Social Security Administration treats lump-sum settlements as equivalent to periodic worker's compensation benefits for the purpose of invoking offset in the first place, see Social Security Ruling 82–5, but then denies their equivalence when it comes to applying the exception to offset.

Second, the reality of the situation is that any settlement offer by a worker's compensation carrier would reflect any offset that would be applied if the case went to judgment. This is the ineluctable consequence of rational negotiation, and, contrary to the argument of the Secretary, is not speculative.

Moreover, the Secretary would have to concede that if the New Jersey legislature had provided that a settlement award would be reduced because of the receipt of social security disability, then the Social Security Administration could not reduce the social security disability benefits. However, the natural result of such legislation would simply be nominally higher settlement amounts. The actual amount paid by the carrier and received by the disabled person would be the same; the only difference would be that the nominal settlement amount would be higher than the actual settlement amount. Without stronger evidence of legislative intent, this court rejects the proposition that Congress would insist that a state legislature pass a law with no real effect.

Finally, the Secretary's position discourages the settlement of worker's compensation claims. An injured worker, knowing that his social security benefits will be reduced if he settles the worker's compensation claim but will not be reduced if he wins after trial, will demand a sufficiently high settlement to counteract the social security offset. A worker's compensation carrier, on the other hand, knowing that it will not pay the entire judgment if it loses after trial but will pay the entire settlement amount if it settles, will offer lower settlements. Again, without stronger evidence of legislative intent, this court rejects the proposition that either Congress or the New Jersey Legislature intended to so discourage settlement.

---

**2.** 34:15–12(b) provides for total disability benefits; 34:15–13 provides for death benefits; 34:15–95 provides for total disability benefits where a person had already been partially disabled. It appears that the issue that would have gone to trial in plaintiff's case was whether the

heart attack was work-related and not whether plaintiff was totally disabled. The Administration does not challenge plaintiff's statement that the settlement of $40,000 was more than he could have achieved after trial if anything less than total disability were found.

If this were all that this case involved, it would be a relatively simple matter requiring no further discussion. However, because the underlying New Jersey law is far from straightforward, resolution of the case is substantially more complicated. To aid the court in reaching the correct decision, it requested supplemental briefing on the intricacies of New Jersey worker's compensation offset provisions.

In *Ries v. Harry Kane, Inc.*, 195 N.J.Super. 185, 478 A.2d 1195 (App.Div.1983), the Appellate Division discussed the application of 34:15–95.4 and 95.5 to workers, such as the plaintiff, who became disabled prior to 1980. The court noted that the primary purpose of 34:15–95.4 was to provide additional benefits to workers whose benefit rates had been eroded by inflation. It observed that if the offset provisions of both 34:15–95.4 and 95.5 were applied, then the worker would lose the entire special adjustment benefit due to the offset in 95.4, and also suffer the generally-applicable offset in 95.5. He would, therefore, not receive any benefits in addition to what he had been receiving before the enactment of 95.-4. In order to avoid "the anomalous result of a bill which is intended to increase benefits, yet does not do so[,]" *Id.* at 196, 478 A.2d 1195, the court concluded that 95.4 was "intended as the sole integration with social security benefits for employees who were disabled at pre–1980 rates, and thereby providing what is referred to as the 'reverse offset' allowed by 42 U.S.C. 424a(d) for those individuals receiving disability under worker's compensation disability rates in effect prior to 1980." *Id.* at 190–91, 478 A.2d 1195.[3]

As the *Ries* court envisioned it, a worker disabled prior to 1980 would generally have his entire adjustment benefit offset because his social security benefit exceeds the supplementary benefit, but would nevertheless come out ahead. This would result because the offset embodied in 95.5 would not apply and the disabled worker could keep not only his regular worker's compensation benefit but also his entire social security benefit. That is, "the New Jersey worker will receive the money previously withheld by the Federal Social Security agency...." *Id.* at 196, 478 A.2d 1195 (quoting the compensation judge).

The *Ries* court held that this result was consistent with federal law since, in its view of 42 U.S.C. 424a(d), "the State reduction need only be a significant reduction and need not be on a dollar-for-dollar basis." *Id.* at 195, 478 A.2d 1195. This court agrees. There is simply nothing in 42 U.S.C. 424a(d) which requires that state deduction be on a dollar-for-dollar basis.

The Secretary relies on *Swain v. Schweiker*, 676 F.2d 543 (11th Cir.1982), in which the Eleventh Circuit held that since Florida law did not permit "imposition of an offset against worker's compensation by the amount of any past-due lump-sum social security benefits," *Id.* at 545, it was appropriate for the Social Security Administration to reduce the lump-sum social security benefit to offset the worker's compensation received by the disabled worker.

*Swain* does not hold that the state reduction under 42 U.S.C. 424a(d) must be on a dollar-for-dollar basis. Instead, *Swain* emphasizes that the purpose of 42 U.S.C. 424a(d) is to prevent the receipt of duplicative state and federal benefits. *Id.* at 546. Under Florida law, a disabled worker loses no portion of his worker's compensation due to the receipt of retroactive social security benefits. Instead, he receives the full amount determined by the Florida legislature to be appropriate during the period between the onset of disability and the receipt of social security benefits. In such a situation, were the Social Security Administration barred from reducing its retroactive lump-sum payment, a disabled worker would receive a double benefit. In contrast, a New Jersey worker disabled prior to 1980 loses his entire special adjustment benefit due to his receipt of social security benefits. Moreover, if the Social Security Administration is barred from reducing his

---

**3.** The court viewed an amendment of 95.5, which made it expressly applicable only to those disabled after 1979, as simply a clarification of the original legislative intent.

social security benefits, he does not receive a double benefit. Although he does receive some additional benefit, that additional benefit is precisely what the New Jersey Legislature intended.

It may seem strange that the New Jersey Legislature could increase the money received by its disabled workers at the expense of the Social Security Administration. However, if instead of providing a special adjustment benefit, the New Jersey legislature had simply increased the regular benefit payable to workers disabled prior to 1980 and provided that all worker's compensation benefits would be reduced due to the receipt of social security benefits, then the Administration would not reduce social security benefits. Such hypothetical legislation illustrates that Congress left open the possibility that the states would use the savings offered to them in 42 U.S.C. 424a(d) to increase the amount available to disabled workers rather than to keep benefit levels the same and pass on all savings to the worker's compensation carriers.

Since New Jersey law provides for significant reduction of worker's compensation benefits to workers disabled prior to 1980 due to the receipt of social security benefits, and since this offset is inevitably reflected in any settlement of the worker's compensation claim, and since a double recovery for the disabled worker does not result, the Social Security Administration may not reduce social security benefits due to the receipt of the worker's compensation settlement. Plaintiff Guiseppe Sciarotta is entitled to the full amount of his social security disability benefits.[4]

An order consistent with this opinion will be entered by the court.

### ORDER

This matter comes before the court pursuant to 42 U.S.C. 405(g) and General Rule 48 of the United States District Court for the District of New Jersey to review a determination of the Secretary of the Department of Health and Human Services. For the reasons stated in the accompanying opinion, IT IS ORDERED, on this 14 day of November, 1986, that the decision of the Secretary is reversed. The Secretary is directed not to reduce plaintiff's social security benefits due to the plaintiff's receipt of a lump sum settlement of his worker's compensation claim.

---

4. There is no need to address plaintiff's alternative contentions that the Social Security Administration miscalculated the reduction in his benefits.