**Luis MARIO RIVERA, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. CIV.A.98–1073.**

United States District Court, D. New Jersey.

June 26, 2000.

Lawrence E. Kazmierczak, Oakland, NJ, for Plaintiff.

Anthony J. LaBruna, Jr., Assistant U.S. Attorney, Office of the U.S. Attorney, Newark, NJ, for Defendant.

## *OPINION*

WOLIN, District Judge.

This matter is opened before the Court, pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3), upon the request of plaintiff Luis Mario Rivera for review of the final determination of the Commissioner of Social Security ("Commissioner") that plaintiff's Social Security Disability Insurance ("SSDI") benefit should be offset by his workers' compensation award. The complaint has been decided upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Commissioner's decision will be affirmed.

### BACKGROUND

The plaintiff's back was injured in October, 1990. On May 3, 1994, finding that the plaintiff had been disabled since De-

cember 10, 1990, an Administrative Law Judge ("ALJ") awarded the plaintiff SSDI benefits effective June, 1991. On the basis of the same injury, the plaintiff also received weekly New Jersey workers' compensation payments of $154.00 from December 7, 1990 to February 6, 1991. Those payments were stopped, pending a court decision on the plaintiff's workers' compensation claim. On August 11, 1994, the plaintiff received a settlement of $30,000 on the workers' compensation claim. On August 19, 1994, an insurance claims adjustor notified the Social Security Administration ("SSA") that the settlement had been reached, of which $22,375 was paid to the plaintiff, $1,375 was used to satisfy a lien to the State of New Jersey Department of Labor, and $7,625 was used to pay attorney's fees and medical expenses.

Pursuant to 42 U.S.C. § 424a, SSA reduced the plaintiff's SSDI benefits by the $30,000 lump-sum workers' compensation payment. On appeal, the ALJ found that the plaintiff's SSDI benefits should be offset by his workman's compensation benefits. The Appeals Council, on February 6, 1998, affirmed the ALJ's finding that the lump-sum settlement required a reduction in the plaintiff's SSDI benefits, but excluded the plaintiff's expenses of $7,625 from reduction. The Appeals Council's decision was the final decision of the Commissioner.

The plaintiff appeals the Commissioner's decision, contending that the Commissioner used an incorrect legal standard. The plaintiff argues that he was awarded payment under N.J.S.A. 34:15–20 *in lieu* of

1. 42 U.S.C. § 424a(a) states:

   (a) Conditions for reduction; computation
   If for any month prior to the month in which an individual attains the age of 65–
   (1) such individual is entitled to benefits under section 423 of this title, and
   (2) such individual is entitled for such month to-
   (A) periodic benefits on account of his or her ... disability ... under a workmen's compensation law or plan of ... a state
   . . . .

his workers' compensation claims, and therefore the settlement was not subject to offset as workers' compensation.

## DISCUSSION

### I. Standard of Review

■ A final administrative decision to reduce the plaintiff's SSDI benefits will be upheld on review if it is based on correct application of law and is supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir.1983). In this case, there is no dispute as to the Commissioner's findings of fact. At issue, rather, is the Commissioner's interpretation and application of the law to the facts. This Court must defer to the Commissioner's findings of law "as long as it is reasonable and not arbitrary or capricious." *Wheeler v. Heckler*, 787 F.2d 101, 104 (3d Cir.1986).

### ANALYSIS

The present dispute focuses on 42 U.S.C. § 424a(a), according to which a person collecting both social security benefits and state workers' compensation benefits cannot receive from both sources greater than eighty percent of his or her pre-disability income.[1] A claimant's benefits are reduced "so that the disabled person does not receive a windfall." *Sciarotta v. Secretary of Health & Human*, 647 F.Supp. 132, 133 (D.N.J.1986), *rev'd on other grounds*, 837 F.2d 135 (3d Cir.1988); *see also Wheeler*, 787 F.2d at 104.

■ Furthermore, the Act provides:

[t]he total of his benefits under section 423... and ... 402 ... shall be reduced (but not below zero) by the amount by which the sum of
(3) such total of benefits under sections 423 and 402, ... and
(4) such periodic benefits payable (and actually paid) for such month to such individual under such laws or plans, exceeds the higher of-
(5) 80 *per centum* of his "average current earnings" ....
42 U.S.C. § 424a(a).

If any periodic benefit for a total or partial disability under ... [a workmen's compensation law or plan of the United States or a state] is payable on other than a monthly basis (*excluding a benefit payable as a lump-sum except to the extent that it is a commutation of, or a substitute for, periodic payments* ), the reduction under this section shall be made at such time or times and in such amounts as the Commissioner of Social Security finds will approximate as nearly as practicable the reduction prescribed by [42 U.S.C. § 424a(a) ].

42 U.S.C. § 424a(b) (emphasis added). A lump-sum benefit, therefore, is not excluded from the offset rule if it is a substitute for periodic payments.

In New Jersey, a workers' compensation dispute can be resolved if a judge of compensation enters

"an order approving settlement." Such a settlement ... shall have the "force and effect" of a dismissal of the claim petition, ... and shall be a complete surrender of any right to compensation or other benefits arising out of such claim under the statute.... *Any payments made under this section shall be recognized as payments of workers' compensation benefits for insurance rating purposes only.*

N.J.S.A. § 34:15–20 (emphasis added). Although this statute asserts that a settlement shall be considered a workers' compensation benefit "for insurance rating purposes only," the SSA has ruled that lump-sum settlements of New Jersey workers' compensation claims should be offset by reductions in Social Security payments. *See* Social Security Ruling 82–5. Such settlements "are made in lieu of periodic benefits and thus are [workers' compensation] benefits subject to the offset provisions [of 42 U.S.C. § 424a(a) ]" *Id.* Significantly, the ruling explicitly states that the characterization of settlements of N.J.S.A. § 34:15–20 is not binding on the SSA, and that application of a federal statute is not dependent on state law, although

state law is important for assessing the nature and purposes of the benefit payment at issue. *See id.; see also Nicely v. McBrayer,* 163 F.3d 376, 384 (6th Cir.1998) (noting that SSR 82–5 asserts the importance of New Jersey state law in assessing the nature and purposes of benefit payments).

The plaintiff, however, argues that SSR 82–5 is incorrect law, because it is an illegitimate attempt by the executive branch of the federal government to legislate in areas reserved to the state of New Jersey. The plaintiff is wrong.

■ Federal law governs whether workers' compensation benefits should be offset against SSDI benefits. "Section 424a does not refer or defer to state law for determination of whether a person's periodic workers' compensation benefits are subject to offset." *Krysztoforski v. Chater,* 55 F.3d 857, 859 (3d Cir.1995) Hence, plaintiff's lump-sum settlement is subject to offset pursuant to 42 U.S.C. § 424a(a). Congress has authorized the Social Security Administration to issue rulings interpreting 42 U.S.C. § 424a, vesting in the Commissioner the "full power and authority to make rules and regulations ... which are necessary or appropriate to carry out [the] provisions [of the Act]." 42 U.S.C. § 405(a); *see also Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

■ This Court must defer to the Commissioner's interpretation of the Act so long as it is reasonable and not arbitrary or capricious. *See Wheeler* 787 F.2d at 104. The interpretation in this case is reasonable, and neither arbitrary nor capricious. First, the Commissioner found that the plaintiff's settlement was a substitute for workers' compensation, in accordance with 42 U.S.C. § 424a(b). That interpretation is authorized by SSR 82–5, which, as shown above, construes workers' compensation settlements in New Jersey as substituting for periodic payments. Although N.J.S.A. § 34:15–20 contains the

ambiguous statement that settlements are workers' compensation benefits "for insurance rating purposes only," N.J.S.A. § 34:15–20, the section is part of New Jersey's workers' compensation law. Settlements governed by N.J.S.A. § 34:15–20 are for disputes between employees and employers over compensation for accident, injury, or occupational disease; have the force and effect of a dismissal of the claim petition; and are a complete surrender of any right to compensation under the workers' compensation statutes. Hence, New Jersey views its workers' compensation lump-sum settlements as workers' compensation payment.

In this case, the record indicates the plaintiff's settlement was a *substitute* for periodic benefits: the settlement order stated that it was a complete and absolute surrender of all rights arising out of the plaintiff's claim; the plaintiff's insurance claims adjuster characterized the settlement as the outcome of the plaintiff's workers' compensation claim; and the plaintiff's prior weekly workers' compensation payments stopped after he received the settlement. If the purpose of the offset provisions of 42 U.S.C. § 424a is to prevent windfalls, there should be no distinction in that regard between settlements and periodic benefits. *See Sciarotta,* 647 F.Supp. at 134.

Hence, the Commissioner's decision was reasonable and neither arbitrary nor capricious. The SSA has reasonably drawn the conclusion from these interlocking state and federal statutes that the plaintiff's workers' compensation lump-sum settlement should be treated as a periodic payment in determining his SSDI benefit offset.

The plaintiff also asserts that his full workers' compensation award represented past, present, and future medical expenses, and was therefore exempt from offset. Medical expenses are excluded from offset, according to the Social Security Commissioner's regulations:

Amounts paid or incurred, or to be incurred, by the individual for medical, legal, or related expenses in connection with the claim for public disability payments or the injury or occupational disease on which the public disability award or settlement is based, are excluded in computing the reduction . . . .

20 C.F.R. § 404.408(d). However, to be excluded from the offset rule, plaintiff's medical expenses must reflect a reasonable estimate of actual future medical expenses. *See* 20 C.F.R. § 404.408(d). The plaintiff asserts he cannot provide such an estimate. It follows that the settlement cannot on this ground be excluded from the offset rule. Furthermore, neither his claim before the SSA nor the settlement terms indicates that the entire settlement was intended to cover medical expenses. In fact, the Commissioner determined that only $7,625 of the settlement represented medical and legal expenses. As noted above, the Appeals Council reduced the amount from the offset.

The Court has determined that all of the plaintiff's arguments on appeal are without merit, and that the Commissioner's decision to offset the plaintiff's SSDI benefits by his workers' compensation lump-sum settlement should be affirmed.

## CONCLUSION

After reviewing the record in light of the applicable statutes and case law, the Court has determined that the Commissioner's decision is supported by substantial evidence and must be affirmed.

An appropriate order is attached.

## *ORDER*

In accordance with the Court's Opinion filed herewith,

It is on this 26th day of June, 2000;

ORDERED that the decision of the Commissioner of Social Security that plaintiff's Social Security Disability Insur-

ance benefit should be offset by his workers' compensation award is affirmed.