**Walter T. SMITH, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 39476.

United States District Court, E. D. Michigan, S. D.

April 25, 1974.

Richard P. Riordan, Detroit, Mich., for plaintiff.

Ralph B. Guy, Jr., U. S. Atty., by Michael D. Gladstone, Asst. U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

HARVEY, District Judge.

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. Section 405(g), for judicial review of a final decision of the Secretary of Health, Education and Welfare which affirms prior administrative determinations applying the "workmen's compensation offset" provisions of Section 224 of the Social Security Act, 42 U.S.C.A. Section 424a, against the disability insurance benefits to which the plaintiff is entitled (Section 223 of the Act, 42 U.S.C.A. Section 423), and against the wife's and the child's insurance benefits (Sections 202(b) and 202(d) of the Act, 42 U.S.C.A. Sections 402(b) and 402(d) to which his wife and children are entitled). The hearing examiner's decision of July 26, 1972, is the Secretary's final decision which, having been upheld by the Appeals Council on November 22, 1972, is now properly before this Court for review.

The facts of this case are not in dispute. The plaintiff was determined to be eligible for Social Security disability benefits in accordance with normal procedures. Plaintiff also had filed a claim for workmen's compensation benefits against his employer, alleging that his disability arose in and out of the course of his employment pursuant to the Michigan Workmen's Compensation Law. This claim was settled on February 1, 1971, by virtue of a redemption agreement between plaintiff and his employer. Applying Section 224 of the Social Security Act, the hearing examiner determined that a portion of plaintiff's monthly benefits should be offset due to the redemption agreement.

Plaintiff asserts that Section 224 of the Act is unconstitutional as applied to him because the classification in which he finds himself is not "rationally based and free from invidious discrimination," as required by Dandridge v. Williams, 397 U.S. 471, 487, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491. The constitutionality of Section 224 has been determined by the Supreme Court in Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). The standard quoted above from Dandridge v. Williams was considered in the *Richardson* decision at page 81, 92 S.Ct. 254. If this is not sufficient to answer plaintiff's contention, the Sixth Circuit has also upheld the constitutionality of Section 224 in Lofty v. Richardson, 440 F.2d 1144 (6 Cir. 1971).

Plaintiff argues forcefully that the effect of Section 224 is to discriminate against one group of disabled workers—those who are receiving benefits from workmen's compensation laws—from others who receive insurance benefits from private insurers, in contravention of the Fifth Amendment. This argument is answered, however, by the

majority opinion in Richardson v. Belcher, supra, 404 U.S. at 84, 92 S.Ct. at 258:

> "We have no occasion, within our limited function under the Constitution, to consider whether the legitimate purposes of Congress might have been better served by applying the same offset to recipients of private insurance, or to judge for ourselves whether the apprehensions of Congress were justified by the facts. If the goals sought are legitimate, and the classification adopted is rationally related to the achievement of those goals, then the action of Congress is not so arbitrary as to violate the Due Process Clause of the Fifth Amendment."

In Lofty v. Richardson, *supra,* a case which involved a lump sum payment under the Michigan Workmen's Compensation Laws similar to the case now before the Court, the Court of Appeals also considered this issue:

> "Most of the argument for the Workmen's Compensation off-set came from employers who generally pay all of the costs for Workmen's Compensation and half of the costs of the Social Security benefits. Their argument before Congress was that they were paying twice for the same injury. *This argument would have, of course, no merit at all in relation to a damage action award or to the proceeds of privately purchased accident or disability insurance."* Id., 440 F.2d at 1152. (Emphasis added)

Plaintiff raises no new themes on a basic argument which has been considered by the courts which give this one guidance, and which was rejected by the Secretary in the administrative proceedings in this case. The Secretary has correctly determined that Section 224 is constitutional as applied in this case.

■ Plaintiff raises an additional argument, set forth originally before the hearing examiner, that the "redemption settlement" which was entered into between plaintiff and his employer is not a "commutation of, or a substitute for, periodic payments," as is required by Section 224(b). This argument, which is premised upon the assertion that the settlement was entered into by the employer merely to insulate itself from future liability and did not represent a concession that any weekly benefits were due, is refuted by several factors, the first of which is the Michigan statute upon which the settlement itself is based, Section 418.835 M.C.L.A. (Section 17.237(835) M.S.A.); formerly Section 412.22 M.C.L.A. (Section 17.172 M.S.A.) which states in part:

> "After 6 months time has elapsed from the date of inquiry, any liability resulting therefrom may be redeemed by the payment of a lump sum by agreement of the parties  .  .  ."

This court held in Lofty v. Cohen, 325 F.Supp. 285 (1970), affirmed as Lofty v. Richardson, *supra,* that:

> "The Michigan statute pursuant to which the lump sum award was made clearly contemplates that such a lump sum payment is a substitute for plaintiff's claim for future periodic payments." Id., at 287.

Compare, Wehmeier v. W. E. Wood Co., 377 Mich. 176, 139 N.W.2d 733 (1966). Secondly, the Redemption Order issued on the same day that plaintiff and his employer agreed to the redemption settlement states:

> "Therefore, it is ordered that said agreement to redeem the employer's entire liability for weekly payments and medical benefits herein by the payment of $15,000 is approved."

It is clear that the lump sum payment received by plaintiff represents a "commutation of, or a substitute for, periodic payments." It is immaterial what motivated either the employer or plaintiff to enter into a settlement.

■ Lastly, plaintiff argues that a portion of the $15,000 settlement represents future medical expenses. The Agreement to Redeem Liability states:

> "Plaintiff offers and agrees to settle all his/her claims of any nature whatsoever, including medical, surgical and

**1310**

hospital expenses, past, present or future, by way of a redemption of liability of defendants under the Michigan Workmen's Compensation Act for $15,000."

A similar clause pertains to the employer. While it at least appears that the settlement agreement contemplated future medical costs, the hearing examiner noted that the Redemption Order, issued on the same date as the agreement, makes no reference to future medical expenses. Specific reference is made in the Order only to a sum of $2,229.75 for attorney's fees and a sum of $135.00 for medical costs, these sums coming out of the $15,000 total, leaving a balance of $12,635.25 to be paid to plaintiff. It was this latter figure which has been applied to reduce plaintiff's disability benefits. The question is whether an additional sum, representing future medical expenses, should also have been allowed, so as to reduce the offsetting balance further and commute the Social Security benefits less.

Social Security Administration's Regulations No. 404.408(d), (20 C.F.R. 404.-408(d)), states the following with respect to items not counted for reduction of benefits:

"Items not counted for reduction. Amounts paid or incurred, or to be incurred, by the individual for medical, legal, or related expenses in connection with his workmen's compensation claim, or the injury or occupational disease on which his workmen's compensation award or settlement agreement is based, are excluded in computing the reduction under paragraph (a) of this section to the extent that they are consonant with State law. Such medical, legal, or related expenses may be evidenced by the workmen's compensation award, compromise agreement, or court order in the workmen's compensation proceeding, or by such other evidence as the administration may require. Such other evidence may consist of:

(1) A detailed statement by the individual's attorney, physician, or the employer's insurance carrier; or

(2) Bills, receipts, or canceled checks; or

(3) Other clear and convincing evidence indicating the amount of such expenses; or

(4) Any combination of the foregoing evidence from which the amount of such expenses may be determinable.

"Any expenses not established by evidence required by the administration will not be excluded."

This regulation does provide that medical expenses which are to be incurred in the future be excluded from reduction of disability benefits. However, for such items to be excluded, they must be evidenced as set forth in Regulation No. 404.408(d). This requires firm evidence on the record that part of the lump sum payment represents future medical expenses which plaintiff will incur. Neither the redemption agreement or Order specifies any future medical expenses, nor is there "[o]ther clear and convincing evidence indicating the amount of such expenses." Compare Lofty v. Cohen, supra, 325 F.Supp. at 291.

At the proceeding before the hearing examiner, there was some discussion of the possibility of plaintiff undergoing surgery for his back ailments. The gist of this discussion was that plaintiff "may wish" to have surgery. One doctor who testified felt that an operation would not be beneficial. The hearing examiner concluded that based upon this kind of speculative claim, no anticipated medical expenses had been established, and further surmised that an operation could repair the damage to plaintiff's back, thus enabling him to work again. If so, plaintiff would not be entitled to disability benefits at all. Irregardless of this conclusion, it is clear that the claim for future medical expenses is vague and conclusory and that it is not spelled out in the redemption settlement agreement or Order with any specificity,

although the Order does specifically enumerate two other items, including one merely for "medical expenses". There can be no other conclusion but that the lump sum payment to the extent of the net balance of $12,635.25 is a substitute for periodic payments and subject to the offset provisions of Section 224 of the Act.

For the reasons hereinabove, the defendant's Motion for Summary Judgment is granted.