Richard A. KANANEN, Appellant,

v.

David MATTHEWS, Secretary of Health, Education, and Welfare, Appellee.

No. 77–1118.

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1977.

Decided May 25, 1977.

Name of pro se counsel filing brief for appellant is Richard A. Kananen.

Name of counsel filing brief for appellee is Robert G. Renner, U.S. Atty. and Elizabeth A. Egan, Asst. U.S. Atty., St. Paul, Minn.

Before LAY, BRIGHT and STEPHEN-SON, Circuit Judges.

PER CURIAM.

Richard A. Kananen brought this action under 42 U.S.C. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare reducing the amount of his disability insurance benefits through the application of the statutory workmen's compensation offset, 42 U.S.C. § 424a. The district court found that the reduction was proper and entered summary judgment for the Secretary. We affirm.

Kananen was awarded workmen's compensation for a period beginning October 28, 1967, due to a disability caused by back injuries sustained in 1966 and 1967. In 1974, Kananen was awarded disability insurance benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, for a period of disability commencing April 2, 1968. The cause of the disability was mental illness. However, Kananen was notified that pursuant to § 224 of the Social Security Act, 42 U.S.C. § 424a, his

disability benefits for the period of time he was also receiving workmen's compensation benefits would be withheld.

Kananen requested a hearing on that determination. At the hearing, held on October 15, 1975, the Department of Health, Education and Welfare introduced evidence that on June 28, 1968, the Workmen's Compensation Appeals Board of the State of California awarded Kananen temporary disability indemnity of $61.75 per week beginning October 28, 1967 through May 23, 1968, and thereafter for the duration of the temporary disability. It also awarded payment for such further medical care and treatment as Kananen required as a result of his back injuries. Pursuant to this award, Kananen received $61.75 per week for the period from October 28, 1967 to July 26, 1968, an amount equal to $2,408.25, and $1,445.20 for medical expenses. On or about July 30, 1968, he entered into a settlement with the compensation insurance carrier, Liberty Mutual Insurance Company, for $15,000. Of the $15,000 settlement, $1,000 was paid to his attorney and the remainder was paid to him. Upon inquiry by the administrative law judge, Liberty Mutual Insurance Company represented that, although the details of the settlement were not made a matter of record, 29.4 percent, or $4,116, of the $14,000 paid to Kananen represented settlement of its liability for future medical expenses; the balance of $9,884 represented settlement of its liability for weekly compensation at the rate of $61.75 for 26 weeks and $52.50 for 157.6857 weeks for the period beginning July 27, 1968.

Kananen contested Liberty Mutual's representations. He stated that he received only $1,358.50 in weekly indemnity payments prior to the settlement, rather than $2,408.25. He further alleged that the lump sum settlement was not a substitute for periodic payments, and therefore his social security benefits should not be offset against that amount. Finally, he contended

that § 424a only provides for an offset where the workmen's compensation payments are made for the same disability as the Social Security benefits.

The administrative law judge found that:

1) $9,884 of the $14,000 lump sum payment was a substitute for future periodic payments and an offset was therefore proper under the provisions of § 424a(b);[1]

2) Kananen's contention that he did not receive $1,175 of the $2,408.25 allegedly paid by Liberty Mutual for the period from October 28, 1967 to July 26, 1968, even if true, was irrelevant to his claim for Social Security benefits because the offset in question, imposed beginning February 1969, was not imposed against those payments; and

3) Section 424a does not require that the workmen's compensation and disability insurance benefits be based on the same impairment in order for the offset to apply.

The district court found that substantial evidence existed in the record to support the findings of the administrative law judge and that the applicable law had been accurately interpreted. We agree.

Kananen's major contention on appeal is that the offset provision does not apply where disability benefits under the Social Security Act and workmen's compensation benefits are paid for different disabilities. We find no merit to this contention.

Section 424a provides in pertinent part as follows:

(a) If for any month prior to the month in which an individual attains the age of 62—

(1) such individual is entitled to benefits under section 423 of this title, and

(2) such individual is entitled for such month, under a workmen's compensation law or plan of the United States or a State, to periodic benefits for a total or partial disability (whether or not permanent), and the Secretary has, in a

1. Presumably in determining the number of months to apply the offset, the Secretary concluded that the $9,884 payment represented 183.6857 weeks of disability payments, as Liberty Mutual Insurance Company represented to the administrative law judge.

prior month, received notice of such entitlement for such month,

the total of his benefits under section 423 of this title for such month * * * based on his wages and self-employment income shall be reduced * * *.

In construing § 424a, we are governed by the principles we set forth in *United States v. Kelly*, 519 F.2d 251, 256 (8th Cir. 1975):

In the early decision of *United States v. Standard Brewery*, 251 U.S. 210, 40 S.Ct. 139, 64 L.Ed. 229 (1920), the Court observed:

Nothing is better settled than that in the construction of a law its meaning must first be sought in the language employed. If that be plain, it is the duty of the courts to enforce the law as written, provided it be within the constitutional authority of the legislative body which passed it.

*Id.* at 217, 40 S.Ct. at 140.

If that wording is plain and simple and straightforward, the words employed must be accorded their normal meaning. As the Court said in *Helvering v. Hammel*, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303 (1941):

True, courts in the interpretation of a statute have some scope for adopting a restricted rather than a literal or usual meaning of its words where acceptance of that meaning would lead to absurd results, *United States v. Katz*, 271 U.S. 354, 362 [46 S.Ct. 513, 516, 70 L.Ed. 986], or would thwart the obvious purpose of the statute, *Haggar Co. v. Helvering*, 308 U.S. 389 [60 S.Ct. 337, 84 L.Ed. 340]. *But courts are not free to reject that meaning where no such consequences follow and where, as here, it appears to be consonant with the purposes of the Act as declared by Congress and plainly disclosed by its structure.*

*Id.* at 510–511, 61 S.Ct. at 371. (Emphasis added).

In applying these principles, we conclude that there is no basis either in the wording of § 424a or in that section's legislative history to support the interpretation Kananen urges. Section 424a provides that where a person is entitled to benefits under 42 U.S.C. § 423 and that person is entitled to workmen's compensation benefits for a disability, an offset shall be applied. No portion of § 424a limits its application to payments for a disability caused by the same physical or mental condition. Instead § 424a refers back to § 423, which defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). Under this definition, it is the end result, not the cause, which governs. *Combs v. Gardner*, 382 F.2d 949 (6th Cir. 1967). Thus, whenever a person is unable to engage in substantial gainful activity, for whatever reason, and is therefore entitled to benefits under § 423 of the Act, and he is also entitled to workmen's compensation, the offset provision of § 424a is applicable. Furthermore, it is clear from the legislative history that the purpose of § 424a is to prevent the payment of excessive combined benefits. *See* S.Rep. 404, 89th Cong., 1st Sess., 1965 U.S.Code Cong. & Admin.News p. 1943 at 2040. The result Kananen urges would be contrary to this intent.

Kananen also contends that the Secretary erred in determining pursuant to § 424a(b)[2] that the lump sum payment of workmen's compensation benefits was a commutation of, or substitute for, periodic payments and that the offset was therefore applicable. In support of his contention, Kananen alleges that, contrary to Liberty Mutual's representations, he received no weekly temporary indemnity payments after March 1968, and was unaware that such payments were legally due him. We have reviewed the record and agree with the district court that there is substantial evidence to support the Secretary's determina-

---

**2.** 42 U.S.C. § 424a(b) provides:

(b) If any periodic benefit under a workmen's compensation law or plan is payable on other than a monthly basis (excluding a benefit payable as a lump sum except to the extent that it is a commutation of, or a sub-

stitute for, periodic payments), the reduction under this section shall be made at such time or times and in such amounts as the Secretary finds will approximate as nearly as practicable the reduction prescribed by subsection (a) of this section.

tion. The record leaves no doubt that the lump sum payment was indeed a commutation of, or substitute for, periodic payments.[3]

■ Finally, Kananen contends that the offset provisions of § 424a constitute a denial of due process and equal protection. Similar arguments have been consistently found to be without merit. *See Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971); *Smith v. Ethyl Corp.*, 417 F.Supp. 669 (S.D.Tex.1976); *Smith v. Weinberger*, 381 F.Supp. 1307 (E.D.Mich. 1974), *aff'd*, 513 F.2d 632 (6th Cir. 1975); *Bartley v. Finch*, 311 F.Supp. 876 (E.D.Ky. 1970) (three-judge court), *aff'd* 404 U.S. 980, 92 S.Ct. 442, 30 L.Ed.2d 364 (1971).

Judgment affirmed.

See also, D.C., 425 F.Supp. 1138.

**3.** In his brief on appeal, Kananen argues that the district court erred in granting summary judgment because of the existence of a genuine issue of material fact, *i. e.*, whether Liberty Mutual paid him periodic payments for the period from October 28, 1967 to July 26, 1968, as it claimed, or whether such periodic payments stopped after March 1968, as he claims. The factual dispute is not material to this controversy. Even if true, it could not affect the validity of the Secretary's determination that the lump sum payment was a commutation of, or substitute for, periodic payments. Furthermore, it did not affect the amount of the offset, since the offset was imposed only against payments considered to be owed Kananen under the terms of the settlement in 1969. Therefore, the summary judgment was properly granted. Kananen's remedy for the alleged nonpayment is against the insurance company.