383 So.2d 956 (1980)
DEPARTMENT OF TRANSPORTATION, DIVISION OF RISK MANAGEMENT, Appellant,
v.
James Lee LINDSEY, Appellee.
No. QQ-164.
District Court of Appeal of Florida, First District.
May 21, 1980.
*957 Jon D. White, Pensacola, for appellant.
Clayton J.M. Adkinson of Thompson, Adkinson & Beasley, DeFuniak Springs, for appellee.
ROBERT P. SMITH, Jr., Judge.
The State employer appeals from a compensation order conforming Lindsey's permanent disability benefits to Section 440.15(10), Florida Statutes (1979), which provides that those weekly benefits "shall be reduced" to the extent they and Social Security benefits aggregate more than 80 percent of claimant's average weekly wage. Section 440.15(10)(a). The principal issue is whether the judge of industrial claims erred in denying the employer a further reduction of weekly benefits in order to recover a corresponding portion of the weekly compensation benefits paid Lindsey before the Social Security Administration determined Lindsey's eligibility for benefits, paid him a lump sum to catch up monthly benefits previously due from the date of eligibility, and began paying him regular monthly benefits. We affirm the determination of the judge of industrial claims that an employer is not entitled to recoup any part of disability compensation benefits paid before claimant began receiving regular monthly Social Security payments, even though claimant also belatedly received a lump-sum Social Security payment covering benefits not paid earlier. Section 440.15(10)(c). We hold also that the reduction in the weekly compensation benefits contemplated by Section 440.15(10)(a) is to be timely accomplished on the initiative of the employer or carrier, and that current payments may not ordinarily be reduced to recover sums which should have been subtracted earlier, because of contemporaneous Social Security benefits, but were not.
Lindsey, having received weekly disability benefits under Chapter 440 continuously from January 14, 1975, did not begin receiving Social Security benefits until December 2, 1976. He then received a Social Security check for $3,753.60 on account of benefits missed during the period his eligibility was not established, and he began receiving a regular monthly Social Security check for $267.20. Eighteen months later, on July 31, 1978, the employer appropriately reduced its current compensation payments so that those payments and contemporaneous Social Security payments did not exceed 80 percent of Lindsey's average weekly wage; and the employer further reduced its periodic payments in order to recoup (a) that portion of its weekly payments made before December 2, 1976, which became "excess" on that date because Social Security then paid up monthly benefits previously unpaid, and (b) the "excess" portion of its payments made between December 2, 1976, when Lindsey's Social Security benefits began, and July 31, 1978, when the employer first reduced its weekly payments to Lindsey on account of contemporaneous Social Security benefits.
Workers' compensation disability benefits are periodic, granted in lieu of wages the worker is wholly or partially disabled to earn, and like wages those benefits are commonly spent, and are so intended, for needs during the period for which *958 they are paid. See Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960); Schel v. City of Miami, 193 So.2d 170 (Fla. 1966); Court of Flags v. Outland, 382 So.2d 443 (Fla. 1st DCA 1980). Though claimant may simultaneously be entitled to Social Security benefits, which when paid reduce and to that extent replace contemporaneous compensation benefits otherwise payable, the Administrator's determination of claimant's entitlement to Social Security may be long delayed, and in the meantime compensation benefits fully paid are wholly due, and they cannot be considered excessive under Section 440.15(10)(a) either then or later. Considering the purpose of periodic compensation benefits and their substitution for wages payable as a contemporary livelihood, we think, as did the judge of industrial claims, that a literal interpretation of Section 440.15(10)(c) is in order, and that contemporaneous compensation benefits cannot be reduced on account of similar benefits paid "until the Social Security Administration determines the amount otherwise payable to the employee under 42 U.S.C. ss. 423 and 402 and the employee has begun receiving such social security benefit payments." Section 440.15(10)(c), Florida Statutes (1977) (emphasis added).
In this case Lindsey began receiving Social Security benefit payments on December 2, 1976. His weekly compensation benefits were then reducible under the statute. But they were reducible only prospectively, and compensation benefits previously paid by the employer did not then become recoverable either through a claim on the catch-up payment of Social Security benefits previously due but unpaid, or through reducing current compensation benefits. The judge of industrial claims correctly denied the employer recoupment of compensation benefits paid before Lindsey began receiving periodic Social Security benefit payments. Beulah Baptist Church v. Brantley, IRC Order 2-3907 (Sept. 11, 1979); Pensacola Buggy Works v. Jernigan, 377 So.2d 245 (Fla. 1st DCA 1979).
The same analysis of Section 440.15(10)(c) disposes of the subsidiary contention raised here by the employer, that even if recoupment is properly denied for compensation benefits paid before Lindsey began receiving Social Security benefits on December 2, 1976, the employer is yet entitled to recover the "excess" of compensation payments made after that date and until July 31, 1978, when the employer first began reducing current benefits so that they and Social Security payments did not aggregate more than 80 percent of Lindsey's average weekly wage. On that premise the employer urges that the judge of industrial claims erroneously calculated the amount now due by the employer to Lindsey on account of amounts excessively withheld from Lindsey's compensation benefits payments after July 31, 1978. We find that any error in the calculation was in the employer's favor, not Lindsey's, because Section 440.15(10)(c) does not authorize entry of an order for the recovery of "excess" compensation benefits paid during a period in which the employer or carrier should have reduced them, on account of contemporaneous Social Security payments, but did not. Beulah Baptist Church v. Brantley, supra; Florida Power & Light Co. v. Atkins, 377 So.2d 57 (Fla. 1st DCA 1979).
Chapter 440 generally and Section 440.15(10)(c) particularly are designed to be implemented and enforced, in the interest of both employee and employer, largely at the initiative of the employer or carrier. It is the responsibility of the employer or carrier to inform itself of Social Security payments made contemporaneously to a Chapter 440 compensation recipient; and, in the absence of some reporting duty imposed on the recipient by law (there is none) or by a prior order of a judge of industrial claims (there was none here), the claimant-recipient of disability compensation benefits and Social Security benefits is not charged by Section 440.15(10)(c) with responsibility to calculate and remit the amount by which the aggregate payments exceed 80 percent of his average weekly wage, nor with a duty to advise the employer or carrier of its opportunity to make that calculation and reduction. Other aspects of the Chapter *959 440 compensation system depend on the initiative of the employer or carrier, and on their having put themselves in possession of knowledge sufficient to determine the compensation benefits properly payable, without intervention of a judge of industrial claims and without the delay and expense inevitably attending litigation. We see no reason to depart from this statutory model in this case of employer neglect of its own interests, and we conclude that a judge of industrial claims should not undertake, by an order acting as a money judgment against the claimant, or as a lien on a fund in his hands, or as a set-off against other compensation benefits past due the claimant, or as a reduction of contemporary and future compensation benefits, to recoup for the employer and carrier compensation payments which might and should have been reduced in the past but were not.
We recognize the possibility that our construction of Section 440.15(10) will encourage a claimant to delay his application for Social Security benefits, or delay its progress, in order to postpone his ultimate receipt of periodic Social Security benefits and a lump-sum Social Security payment for benefits previously due. Such deliberate frauds upon the system can be dealt with appropriately as and if they arise.
In the case before us, there is no cross-appeal by claimant which would permit us to determine whether the order appealed errs in granting the employer inappropriate credits. The order appealed is therefore
AFFIRMED.
BOOTH and SHAW, JJ., concur.