412 So.2d 64 (1982)
COLONEL'S TABLE and Zurich-American Insurance Co., Appellants,
v.
Dorothy T. MALENA, Appellee.
No. AD-474.
District Court of Appeal of Florida, First District.
April 7, 1982.
*65 Eugene N. Betts, Fort Lauderdale, for appellants.
Dennis M. Usdan, of Nolan & Usdan, Fort Lauderdale, for appellee.
WENTWORTH, Judge.
Employer/carrier appeals a workers' compensation order entered by deputy commissioner Hand, by which employer/carrier was ordered to continue permanent total disability payments and to repay claimant for a prior offset. We affirm.
Employer/carrier accepted claimant as permanently and totally disabled as a result of an industrial injury, and accordingly commenced such compensation payments. Claimant's average weekly wage had been determined as $73. Claimant is receiving social security benefits (for both herself and her minor daughter) in excess of this weekly amount. Employer/carrier discontinued compensation payments, contending that they were entitled to do so pursuant to the § 440.15(10)(a) offset provision. A hearing was held on the issue of employer/carrier's entitlement to take such an offset. Neither party presented any evidence as to the amount of offset which could otherwise be taken by the Social Security Administration pursuant to 42 U.S.C. § 424a; however, claimant did present evidence of unsuccessful efforts to obtain a determination of such amount from the social security administration. The deputy commissioner held that, regardless of the offset, claimant is entitled to the $20 per week minimum compensation provision of § 440.12(2). The deputy further held that employer/carrier's failure to establish the amount of offset which could otherwise be taken by the social security administration precludes the employer/carrier from making the statutory offset until such information is provided.
Section 440.15(10)(a) provides that "this provision shall not operate to reduce an injured worker's benefits under this Chapter to a greater extent than they would have otherwise been reduced" by the federal social security administration. The statutory offset may be taken administratively, and is not dependent on the order of a deputy commissioner. Cf., Department of Transportation v. Lindsey, 383 So.2d 956 (Fla. 1st DCA 1980). However, the offset should not be permitted in the absence of evidence that it is warranted. See Thomas v. Sunland Training Center, 408 So.2d 685 (Fla. 1st DCA 1982); also see Town Drug Inc. v. Maples, IRC Order 2-3389 (4/5/78).
Section 440.15(10)(c) requires an employee, upon demand by the employer or carrier, to authorize the social security administration to release disability information; the statute further provides that compensation may be suspended if the claimant refuses to authorize the release of such *66 information. Thus employer/carrier is accordingly on equal footing with claimant in obtaining disability information from the social security administration. Since the § 440.15(10)(a) offset provision is a defense to the payment of compensation otherwise due, the burden of proving its appropriateness and applicability would appear to be one which employer/carrier must bear. As Thomas indicates, the offset may not be permitted in the absence of evidence that it is warranted. Accordingly, employer/carrier's failure in the present case to present any evidence indicating that the offset would not "reduce ... benefits ... to a greater extent than they would have otherwise been reduced" under the social security laws should render the offset impermissible at this time. Construing the deputy's order to so provide, there has been no error in this regard. Employer/carrier remains free to administratively make such statutory offset when it obtains the pertinent information.
The order is accordingly affirmed.
ERVIN and SHIVERS, JJ., concur.