PER CURIAM.
The State of Florida, Department of Public Health, Division of Risk Management, appeals a Final Judgment entered in a rule nisi proceeding. The judgment enforces a deputy commissioner’s compensation order and requires the state to pay its employee, Muriel Wilcox, the full amount of her medical and disability benefits. The state maintains that it properly deducted social security payments from Mrs. Wilcox’s awards, that the circuit court lacked jurisdiction to authorize execution and levy against the state, and that, like any other employer, the state may unilaterally modify the deputy commissioner’s order by taking a social security set-off pursuant to section 440.-15(9), Florida Statutes (1985). We disagree with the state and affirm.
In a rule nisi proceeding the authority of the circuit court is limited to the enforcement of orders in full force and effect. Venne, v. Kleuver, 435 So.2d 350 (Fla. 3d DCA 1983), review denied, 443 So.2d 979 (Fla.1984). This court has held that an employer may not modify the deputy commissioner’s order, but must apply to the deputy commissioner for modification. Troy Desk Mfg. Co., Inc. v. Troy, 448 So.2d 46 (Fla. 3d DCA 1984); § 440.24, Fla.Stat. (1985). Contra Colonel’s Table v. Malena, 412 So.2d 64 (Fla. 1st DCA 1982) (employer/carrier may unilaterally take set-off *445 and thereby modify order of deputy commissioner). Our earlier ruling governs here, and thus, we approve the trial court’s order of enforcement.
Next, we turn to the state’s contention that a trial court may not order execution and levy against the state. The state argues that Berek v. Metropolitan Dade County, 396 So.2d 756, 759 n. 4 (Fla. 3d DCA 1981), which states that “[a] judgment creditor may not obtain a lien against or levy execution against the property or funds of a state, county or municipal corporation in the absence of express authorization,” mandates reversal. Again we disagree. In our view, the state’s reliance on Berek is misplaced: the language of the Workers’ Compensation Act clearly and unambiguously indicates that the state is subject to the same rules as are private employers under the Act. Hodges v. State Rd. Dept., 171 So.2d 523 (Fla.1965); § 440.02, Fla.Stat. (1985); see Parker v. Hill, 72 So.2d 820 (Fla.1954). We are required to give effect to the intent of the legislature and enforce, as we would against a private employer, the deputy commissioner’s order. See Citizens of the State v. Public Serv. Comm’n, 425 So.2d 534, 542 (Fla.1982). (“ [WJhere the language of the statute is so plain and unambiguous as to fix the legislative intent and leave no room for construction, the courts should not depart from the plain language used by the legislature.”). The fact that the state and its agencies are required by statute to be self-insured or to maintain insurance to secure the payment of compensation under the Act dispels the state’s concerns that enforcement will result in execution and levy against all state property by limiting enforcement to the amount of the state’s insurance. § 440.38, Fla.Stat. (1985); cf. Avallone v. Board of County Comm’rs, 493 So.2d 1002 (Fla.1986) (purchase of tort liability insurance by a government entity, pursuant to the sovereign immunity statute, constitutes waiver of immunity up to the limits of insurance coverage). We therefore hold that Mrs. Wilcox is entitled under the Act to full enforcement of the deputy commissioner’s order.
Affirmed.