543 So.2d 1253 (1989)
DEPARTMENT OF PUBLIC HEALTH, DIVISION OF RISK MANAGEMENT, Petitioner,
v.
Muriel WILCOX, Respondent.
No. 70498.
Supreme Court of Florida.
May 25, 1989.
*1254 H.B. Yandle of Vernis & Bowling, P.A., Miami, for petitioner.
Alfred D. Bieley of Alfred D. Bieley, P.A., Miami, for respondent.
PER CURIAM.
We have for review Department of Public Health v. Wilcox, 504 So.2d 444 (Fla. 3rd DCA 1987), based on certified conflict with Colonel's Table v. Malena, 412 So.2d 64 (Fla. 1st DCA 1982). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash the decision below and remand for further proceedings consistent with this opinion.
In a worker's compensation proceeding, the respondent, Muriel Wilcox, was awarded temporary total and permanent total disability benefits, costs, interests, and medical expenses. Her employer, the State of Florida, Department of Public Health, Division of Risk Management, subsequently determined that Wilcox was also receiving federal social security benefits, and reduced the amount of her workers' compensation award pursuant to the offset provision in section 440.15(9), Florida Statutes (1985).
Wilcox contends that the setoff provision in section 440.15(9) cannot be taken by her employer on its own accord, but rather must be authorized by the deputy commissioner. The Third District Court of Appeal agreed with Wilcox and held that her employer could not take the setoff unilaterally. The court held that the compensation award could only be reduced by the deputy commissioner in a modification proceeding. Wilcox, 504 So.2d at 444 (Fla. 1987).
The state, as the employer, argues that the offset provision is self-executing and can be taken unilaterally. Thus, the issue presented is whether Wilcox's employer (the state) may unilaterally take the setoff authorized by section 440.15(9). We hold that it may.
Section 440.15(9)(a), Florida Statutes (1985), requires that weekly workers' compensation benefits be reduced by the amount that they and social security benefits, in the aggregate, exceed eighty percent of the injured worker's average weekly wage.[1] The language is unequivocal. *1255 The offset is mandatory if the combined benefits exceed eighty percent of the worker's salary. Correspondingly, at the federal level, 42 United States Code section 424a (1935), requires that the Social Security Administration take the setoff if it is not taken under a state workers' compensation program.
We note at the outset that section 424a was enacted to prevent injured workers from receiving "windfall" benefits from the combination of social security disability benefits and workers' compensation benefits.[2] Congress feared that the duplication of benefits would reduce a worker's incentive to return to work impeding rehabilitative efforts.[3] Several states, including Florida, enacted similar statutes requiring state employers to take the setoffs first, thereby saving money. Although section 440.15(9) does not expressly address whether an employer may take the setoff unilaterally, section 424a clearly allows the Social Security Administration to do so.[4]
The rationale underlying the federal statutory scheme is sound. The Social Security Administration has knowledge of the amount of social security benefits an employee receives. It must then obtain information regarding the amount of workers' compensation benefits from the state that is administering the plan.[5] When the Social Security Administration has this information, the amount of the setoff can be quickly and easily determined by using a simple mathematical calculation. The federal statute recognizes this and thus allows the setoff to be taken administratively. We find the federal scheme persuasive.[6]
Similarly, section 440.15(9)(c) imposes no obligation on the employee to inform his employer that he has begun receiving social security disability benefits, nor does it require the employee to calculate the requisite eighty percent limit and remit the excess. Rather, the employer must take the initiative in determining the applicability of the reduction. No deduction can be taken until the employer receives the worker's social security disability information from the Social Security Administration. Then, the setoff only can be taken prospectively. Department of Transportation v. Lindsey, 383 So.2d 956 (Fla. 1st DCA 1980).
Thus, section 440.15(9) requires a Florida employer to obtain the same reliable information that the federal statute demands. Since both the Florida employer and the Social Security Administration rely upon the same information in determining the applicability of the setoff, we see no reason why the state setoff should not also be self-executing. Therefore, we hold that the setoff provision in section 440.15(9) may be taken administratively by an employer/carrier.
We reject the respondent's contention that the setoff can be made only by the deputy commissioner in a modification proceeding. This proceeding would insure against an employer miscalculating the amount of the setoff. We fail to see how this possible benefit to the employee outweighs the additional expense and delay it *1256 imposes on the employer. The employer has little incentive to miscalculate the amount of the setoff because review by the deputy commissioner is always available to the employee. The First District Court of Appeal has consistently held that the offset provision in section 440.15(9) is self-executing. See Colonel's Table v. Malena, 412 So.2d 64 (Fla. 1st DCA 1982); Florida Power & Light Co. v. Adkins, 377 So.2d 57 (Fla. 1st DCA 1979); Borden, Inc. v. Butler, 377 So.2d 795 (Fla. 1st DCA 1979); Sherrod Dry Wall v. Reeves, 378 So.2d 301 (Fla. 1st DCA 1979).[7]
Accordingly, we hold that the setoff provision in section 440.15(9) is self-executing in nature and therefore, can be taken unilaterally by the employer. We quash the decision of the Third District Court of Appeal and remand the case for further proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 440.15(9)(a), Florida Statutes (1985), states:

Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s. 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss. 423 and 402, does not exceed 80 percent of the employee's average weekly wage. However, this provision shall not operate to reduce an injured worker's benefits under this chapter to a greater extent than such benefits would have otherwise been reduced under 42 U.S.C. s. 424(a) [sic]. This reduction of compensation benefits is not applicable to any compensation benefits payable for any week subsequent to the week in which the injured worker reaches the age of 62 years.
[2] Kristal, Social security disability benefits: Benefit or burden to the severely injured workers' compensation claimant?, 61 Fla.B.J. 65 (July/Aug. 1987).
[3] Id.
[4] 42 U.S.C. § 424a(h)(2) states:

The Secretary [of the Department of Health and Human Services] is authorized to enter into agreements with States, political subdivisions, and other organizations that administer a law or plan subject to the provisions of this section, in order to obtain such information as he may require to carry out the provisions of this section.
Thus, the Social Security Administration is authorized to obtain the necessary information in order to take the setoff administratively.
[5] Id.
[6] Our statutes recognize the persuasiveness of federal laws in the workers' compensation area. Section 440.44(1), Florida Statutes (1985), states:

(1) INTERPRETATION OF LAW.  As a guide to the interpretation of this chapter, the Legislature takes due notice of federal social and labor acts and hereby creates an agency to administer such acts passed for the benefit of employees and employers in Florida industry, and desires to meet the requirements of such federal acts wherever not inconsistent with the Constitution and laws of Florida.
[7] Pursuant to statute, in 1979, the First District Court of Appeal became the principal forum for reviewing deputy commissioner orders, replacing the Industrial Relations Commission. Ch. 79-312, § 1, Laws of Fla.