584 So.2d 199 (1991)
QUAIL RIDGE and Aetna Casualty and Surety Co., Appellants,
v.
Phillip JOHNSON, Appellee.
No. 90-2598.
District Court of Appeal of Florida, First District.
August 15, 1991.
Janis Brustares Keyser, Reid, Ricca & Rigell, P.A., West Palm Beach, for appellants.
Melanie G. May, Bunnell & Woulfe, P.A., Fort Lauderdale, for appellee.
JOANOS, Chief Judge.
The employer and carrier in this workers' compensation case appeal an order of the judge of compensation claims denying unilateral application of a social security disability setoff. Employer and carrier contend the setoff provision of section 440.15(9), Florida Statutes, is mandatory and self-executing, and authorizes employer/carrier to take a unilateral setoff for social security benefits. We agree, and reverse the order enforcing the full amount of the permanent total disability award.
Claimant suffered a compensable injury on June 8, 1979, and received temporary total disability benefits through March 7, 1986, the maximum period of temporary total disability benefits provided by statute. The claim for permanent total disability benefits was heard November 11, 1986. Prior to the hearing, employer/carrier obtained the necessary documents from the claimant authorizing release of claimant's social security records. Thus, at the time of the hearing, employer/carrier were fully cognizant that claimant had been receiving social security disability benefits since December 1979, but did not raise the question of entitlement to a social security setoff at the hearing. In an order dated December 12, 1986, employer/carrier were directed to pay permanent total disability benefits in the amount of $130 per week, commencing *200 March 8, 1986. Instead of paying the full $130 weekly pursuant to the order, employer/carrier unilaterally setoff claimant's social security disability benefits against the workers' compensation permanent total disability award, resulting in a bi-weekly payment of $30.77 for the permanent total disability award.
Claimant filed a claim to enforce the full amount of the 1986 compensation award. Employer/carrier defended on the ground that the social security setoff was taken properly in accordance with section 440.15(10) [now (9)], Florida Statutes (Supp. 1978). At the hearing, claimant's counsel argued that the setoff issue should have been raised in the 1986 hearing to determine claimant's entitlement to permanent total disability benefits. The employer/carrier maintained the setoff is self-executing and can be taken unilaterally. The judge of compensation claims found that without a modification order, employer/carrier were without authority to reduce claimant's permanent total disability payments, and granted the claim for enforcement of the 1986 compensation order.
The section 440.15(9)(a) [formerly subsection (10)(a)] social security offset is mandatory, if the combined workers' compensation and social security benefits exceed eighty percent of the worker's salary. Department of Public Health v. Wilcox, 543 So.2d 1253 (Fla. 1989). It is the employer's responsibility to determine the applicability of the reduction. Once determined, the offset may be taken administratively by an employer/carrier, and need not be determined by the judge of compensation claims in a modification proceeding. The supreme court recognized that a modification proceeding would insure against an employer's possible miscalculation of the amount of the setoff, but concluded that this possible benefit to the employee would not outweigh the additional expense and delay it would impose upon the employer. 543 So.2d at 1255-1256. The court held that "the setoff provision in section 440.15(9) is self-executing in nature and therefore, can be taken unilaterally by the employer." 543 So.2d at 1256.
In this case, employer/carrier requested and obtained information from the Social Security Administration concerning social security disability benefits being received by claimant and his dependents. Although employer/carrier were in possession of this information at the time of the hearing for permanent total disability benefits, it was not raised as an issue in the proceeding. Under the Wilcox decision claimant may seek review of the amount of the setoff, but employer/carrier were not required to obtain an order from the judge before taking the setoff.
Accordingly, the order granting enforcement of the compensation order dated December 12, 1986, together with interest and penalties, is reversed and remanded for further proceedings.
WIGGINTON and KAHN, JJ., concur.