597 So.2d 858 (1992)
Von BURKS, Appellant,
v.
DAY's HARVESTING, INC. and Crims, Inc., Appellees.
No. 91-384.
District Court of Appeal of Florida, First District.
April 2, 1992.
On Rehearing May 20, 1992.
Jerold Feuer, Miami, for appellant.
Jacqui Charbonneau of Danielson, Clarke & Pumpain, West Palm Beach, and Diane H. Tutt, Ft. Lauderdale, for appellees.
PER CURIAM.
Mr. Burks, the claimant in a workers' compensation proceeding, presents two issues for our review. The first issue poses the question, novel in Florida law, of whether section 440.15(9)(a), Florida Statutes (1989), allows the employer/carrier (E/C) to take an offset against compensation benefits, otherwise payable, owing to the claimant's receipt of federal social security disability benefits in cases where the claimant is already "disabled" and thus receiving social security disability benefits prior to the time he suffers a compensable workers' compensation injury, and the two injuries are unrelated. The second issue involves inclusion of the value of employer provided transportation in the determination of claimant's average weekly wage. We affirm on the first issue and reverse on the second.
On November 19, 1989, Burks suffered head, leg and back injuries when he fell from a ladder while picking fruit for Day's Harvesting. Burks had been working for Day's Harvesting for a period of three weeks and had actually worked as a picker for six days during these three weeks. On each work day, the employer provided transportation for Burks and others to the orange groves. The trips averaged 30 to 60 miles round trip.
*859 Burks suffers a birth defect that restricts use of his left arm. In addition, he was the victim of an automobile accident in 1986, causing him further physical impairment. At some time after the 1986 accident, Burks became eligible for social security disability benefits and actually began receiving such benefits in March of 1988.[1] After obtaining the permission of the Social Security Administration, Burks sought employment with Day's Harvesting to determine if he was physically able to return to work, since he found he was unable to get by on his disability benefits alone. Mr. Burks has continued at all relevant times to receive monthly social security disability benefits.
The major issue tried before the judge of compensation claims (JCC) involved the E/C's entitlement to take a social security offset.[2] As to this issue, the JCC found as follows:
The Employer/Carrier is entitled to take [sic] social security offset based on Florida Statute 440.15. I find the Employer/Carrier correctly calculated the social security offset based on the Claimant's average weekly wage of $115.50, which comes out to the current compensation rate of $21.11.
This court must now determine if the JCC properly applied the following provision of Chapter 440:
Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s. 423 shall be reduced to an amount whereby the sum of such compensation benefits under this chapter and such total benefits otherwise payable for such period to the employee and his dependents, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss. 423 and 402, does not exceed 80 percent of the employee's average weekly wage. However, this provision shall not operate to reduce an injured worker's benefits under this chapter to a greater extent than such benefits would have otherwise been reduced under 42 U.S.C. s. 424(a). This reduction of compensation benefits is not applicable to any compensation benefits payable for any week subsequent to the week in which the injured worker reaches the age of 62 years.
§ 440.15(9)(a), Fla. Stat. (1989).
The Florida statute requires an offset for any claimant "who becomes eligible for" social security disability benefits and provides that the maximum reduction of benefits under Florida law may never be greater than the federal government could have taken under its own offset statute, 42 U.S.C. § 424a, which provides in pertinent part:
(a) If for any month prior to the month in which an individual attains the age of 65 
(1) such individual is entitled to benefits under section 423 of this title, and
(2) such individual is entitled for such month to 
(A) periodic benefits on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State ... the total of his benefits under section 423 of this title for such month ... *860 based on his wages and self employment income shall be reduced... .
The Eighth Circuit Court of Appeals held in Kananen v. Matthews, 555 F.2d 667 (8th Cir.1977), that the Social Security Administration is entitled to take an offset under § 424a whenever the recipient of social security is entitled to workers' compensation benefits for a disability, regardless of whether the social security benefits and the workers' compensation benefits are payable for totally distinct physical or mental conditions. In Swain v. Schweiker, 676 F.2d 543 (11th Cir.1982), the court noted the Kananen result, but observed that in the case of Florida claimants, the Florida E/C would take the offset rather than the federal government.[3] Florida is thus considered, in social security terminology, a "reverse offset" state, since the statutory scheme provides that the workers' compensation carrier takes the offset.[4]
The E/C's right to an offset is not, however, determined solely by reference to the federal statute and interpretations thereof. This is true precisely because the federal scheme allows Florida to legislatively determine the offset available to a workers' compensation carrier. The claimant acknowledges that this case presents a very unusual situation, since under the Social Security Act one "totally disabled" for all economically gainful activity is nonetheless permitted to attempt trial work periods without sacrificing social security benefits. 42 U.S.C. §§ 422(c)(1), 423(a)(1). Burks argues that since Congress intended to allow such trial work periods, the Florida Legislature could not have, contrariwise, enacted a statute that would penalize someone who is willing to test employability and wage earning capacity. Furthermore, argues appellant, the language of section 440.15(9)(a), Florida Statutes, triggers the offset only as to one "who becomes eligible" for disability benefits, and accordingly, one who is already entitled to such benefits prior to the compensable injury does not suffer the offset. Burks candidly admits, however, that the statutory language "becomes entitled" is not completely clear, perhaps because the legislature never envisioned the present factual situation.
Acknowledging the close question, we find that section 440.15(9)(a) does allow the E/C to take an offset for social security disability benefits attributable to a prior physical condition, when the evidence shows that the claimant was already receiving such social security disability benefits at the time of the compensable injury. Section 424a of the federal act was enacted to prevent claimants from receiving "windfall" benefits. Department of Public Health, Division of Risk Management v. Wilcox, 543 So.2d 1253, 1255 (Fla. 1989). Construing section 440.15(9)(a) in a like manner, we hold that the offset may be taken when the claimant is receiving social security disability benefits even if the claimant started receiving social security disability benefits before the industrial accident occurred, and such benefits are the result of a totally distinct physical or mental condition.
As to the transportation issue, the JCC found:
Although the Claimant was provided with transportation and that would normally be included as a fringe benefit, the Claimant did not produce any evidence as to the actual cost to the Employer in providing that transportation. The fringe benefit of transportation was not established at the hearing. Therefore, *861 the average weekly wage will not be increased.
We are of the view that the JCC's sole reason for denying the fringe benefit was the mistaken view that the value of such fringe benefit was not established at the hearing.[5] The JCC should have utilized the statutory presumption of $.20 per mile, and accordingly this cause must be remanded for determination of the value of the fringe benefit. See Carruth v. Allied Products Co., 452 So.2d 634 (Fla. 1st DCA 1984).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
ERVIN, BARFIELD and KAHN, JJ., concur.

ON MOTIONS FOR REHEARING
PER CURIAM.
Both sides have moved for rehearing. We grant in part the E/C's motion, deny the remainder of its motion, and deny Burks' motion. With regard to the issue of reimbursement for the fringe benefit of transportation, the E/C has correctly pointed out that the 30 to 60 mile figure utilized in our initial opinion is not entirely accurate. A representative of the E/C testified that daily mileage varied according to the particular grove to which a crew was being transported. Accordingly, the opinion is clarified to the extent that the mileage figure mentioned in the opinion will not be controlling on remand. At that time the JCC should determine what mileage figure should be used in calculating Mr. Burks' fringe benefits.
ERVIN, BARFIELD and KAHN, JJ., concur.
NOTES
[1] 42 U.S.C. § 423(d) defines what constitutes a disability for social security purposes:

(1) The term "disability" means 
(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months
... .
(2) For purposes of paragraph (1)(A) 
(A) An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy... .
[2] We have previously held that the E/C's right to the offset is self-executing and can be taken unilaterally. Quail Ridge v. Johnson, 584 So.2d 199 (Fla. 1st DCA 1991). This obviously does not prevent the prudent E/C from seeking approval of the JCC prior to effectuating the reduction.
[3] 42 U.S.C. § 424a(d) provides that "reduction of benefits required by this section shall not be made if the [workmen's compensation] law ... provides for the reduction thereof when anyone is entitled to benefits under this subchapter... ."
[4] The record establishes that in the present case social security has declined to take an offset under 42 U.S.C. § 424a. Although it would appear that under Kananen, supra, the government is entitled to an offset, it is at least partly because the Social Security Administration considers Florida to be a reverse offset state that the Administration has not offset Mr. Burks' workers' compensation benefits. Testimony to this effect was presented before the JCC by an assistant district manager for the West Palm Beach Social Security Office, though it is difficult for us to conceive that the opinion of this manager would be binding upon the United States government.
[5] The question of whether the JCC erred in finding that the transportation provided to Burks would normally be included as a fringe benefit is not properly before us.