610 So.2d 1352 (1992)
Wayne A. HORTON, Appellant,
v.
MARTIN MEMORIAL HOSPITAL and Sedgwick James, Appellees.
No. 91-1377.
District Court of Appeal of Florida, First District.
December 30, 1992.
Rehearing Denied February 10, 1993.
*1353 Jerold Feuer, Miami, for appellant.
John B. Clarke of Danielson, Clarke & Pumpian, P.A., West Palm Beach, and Diane H. Tutt of Diane H. Tutt, P.A., Fort Lauderdale, for appellees.
ZEHMER, Judge.
Wayne Horton, the claimant in this workers' compensation proceeding, appeals a final order ruling that Martin Memorial Hospital (Employer) and Sedgwick James (Carrier) are entitled to apply a social security offset to Claimant's workers' compensation benefits. Claimant contends (1) that the judge of compensation claims erred in ruling that Employer and Carrier are entitled to offset Claimant's present and future workers' compensation benefits by the amount of social security benefits Claimant receives, and (2) that the judge erred in ruling that Employer and Carrier are not required to pay Claimant's past-due workers' compensation benefits against which they were entitled to apply social security offset but failed to do so. We hold that Employer and Carrier are entitled to apply a social security offset to presently-due and future benefits, but that Employer and Carrier are not permitted to apply the social security offset to past-due benefits.
The pertinent facts of the case are essentially undisputed. Claimant initially injured his back in an industrial accident in 1982 and received workers' compensation benefits as a result of that accident. In 1986, he began working for Employer, but was able to work for only 2 1/2 months because of the previous back injury. In January 1988, the Social Security Administration determined that he was eligible for social security disability benefits as early as May 1987 due to the disability resulting from the 1982 accident. This would have resulted in a lump-sum check for past disability benefits from May 1987 through January 1988, but the Social Security Administration effected an offset based on the fact that the workers' compensation benefits Claimant received during that period equaled or exceeded the amount of the social security disability benefits to which Claimant was entitled for that period. Claimant did, however, begin receiving regular monthly social security disability benefit payments in January 1988.
Claimant subsequently returned to work for Employer to test his employability and thus continued to receive the disability benefits because he was working only on a trial basis. In January 1989, while so engaged, Claimant reinjured his back. Employer and Carrier accepted this injury as compensable and began paying him temporary total disability benefits. On June 1, 1989, Claimant filed a claim for workers' compensation benefits requesting, inter alia, a determination of his correct average weekly wage and corresponding compensation *1354 rate, and an adjustment of all benefits previously paid to include concurrent earnings and the value of fringe benefits. Employer and Carrier continued to pay TTD benefits at the same rate until December 11, 1990, at which time they administratively changed his temporary status to permanent total disability and began taking a social security offset against his PTD benefits based on his continued receipt of social security disability benefits. On January 30, 1991, Employer and Carrier filed a notice of suspension of workers' compensation benefits, stating that they were amending Claimant's AWW and compensation rate from January 17, 1989, forward, but were suspending the difference between the benefits that were previously paid and the benefits that were previously due because the social security offset had not been applied to those benefits.
The case proceeded to a merits hearing on these issues, after which the judge ordered that Employer and Carrier were entitled to take a social security offset against the workers' compensation benefits they owed Claimant because the disability benefits that Claimant was receiving from social security did not flow from the accident for which Employer and Carrier were paying workers' compensation benefits but from the 1982 accident. The judge further ruled that Employer and Carrier correctly refused to pay Claimant additional TTD and PTD benefits based on the correct AWW where the difference between the incorrectly-calculated benefits paid and the correctly-calculated benefits was less than the amount of the social security offset that Employer and Carrier could have asserted during that period. The judge's stated rationale for this ruling was that while case law prohibits retroactive application of a social security offset, an offset on past unpaid benefits is not retroactive in nature. Claimant appeals both of these rulings.
Our affirmance of the first ruling requires little discussion, as we recently decided this precise issue. In Burks v. Day's Harvesting, Inc. and Crims, Inc., 597 So.2d 858 (Fla. 1st DCA 1992), we held that:
[S]ection 440.15(9)(a) does allow the E/C to take an offset for social security disability benefits attributable to a prior physical condition, when the evidence shows that the claimant was already receiving such social security disability benefits at the time of the compensable injury.
597 So.2d at 860. In accordance with the law as construed in Burks, the judge correctly ruled that Employer and Carrier could offset from Claimant's present and future worker's compensation benefits the amount of social security benefits Claimant is receiving as a result of a prior physical condition.
The propriety of the second ruling requires somewhat more discussion. We are not aware of any case wherein an employer and carrier have attempted to avoid payment of past-due benefits by applying a social security offset to such benefits where they failed to assert such entitlement at the time the benefits became due. This court has previously discussed whether an employer and carrier can retroactively apply a social security offset to workers' compensation benefits in other factual contexts, however. In Department of Transportation, Division of Risk Management v. Lindsey, 383 So.2d 956 (Fla. 1st DCA 1980), an employer attempted to recoup a portion of workers' compensation benefits paid to a claimant without offset prior to the time the Social Security Administration determined claimant's eligibility for benefits, paid the claimant a lump sum for monthly disability benefits due from the date of eligibility, and commenced paying regular monthly disability benefits. We affirmed the ruling that the employer could not retroactively set off such benefits against workers' compensation benefits, explaining:
... Section 440.15(10)(c) [Florida Statutes (1979)] does not authorize entry of an order for the recovery of "excess" compensation benefits paid during a period in which the employer or carrier should have reduced them, on account of contemporaneous Social Security payments, *1355 but did not. Beulah Baptist Church v. Brantley, supra [IRC Order 2-3907 (Sept. 11, 1979)]; Florida Power & Light Co. v. Adkins, 377 So.2d 57 (Fla. 1st DCA 1979).
* * * * * *
... [W]e conclude that a judge of industrial claims should not undertake, by an order acting as a money judgment against the claimant, or as a lien on a fund in his hands, or as a set-off against other compensation benefits past due the claimant, or as a reduction of contemporary and future compensation benefits, to recoup for the employer and carrier compensation payments which might and should have been reduced in the past but were not.
383 So.2d at 958, 959 (emphasis added). See also Olan Mills Studios v. Cash, 416 So.2d 1182 (Fla. 1st DCA 1982); Carballo v. Warren Mfg. Co. 407 So.2d 603 (Fla. 1st DCA 1981), rev. denied, 415 So.2d 1362 (Fla. 1982). In Burley v. Santa Fe Community College, 393 So.2d 1185 (Fla. 1st DCA 1981), we held that a deputy commissioner erred in failing to order an employer and carrier to return to the claimant money it had deducted from the claimant's weekly benefit payments to recoup social security setoff amounts that it had previously failed to take. We stated:
To that extent, the Deputy erred, because the right to setoff may not be exercised retroactively. The carrier may reduce compensation payments to account for social security benefits only prospectively, as of the date it exercises its right under Section 440.15(10), Florida Statutes (1977).
393 So.2d at 1186 (emphasis added).
In this case, Claimant began receiving disability payments in January 1988. He was injured in the subject industrial accident in January 1989, and Employer and Carrier paid him TTD benefits based upon an incorrectly-calculated AWW from the date of accident until December 11, 1990. On that date, Employer and Carrier administratively changed his status to PTD and began paying him PTD benefits less an offset for the disability benefits he was receiving from Social Security. Thus, December 11, 1990, was the first date Employer and Carrier exercised their right under section 440.15 to take a social security offset against benefits being paid. Accordingly, the judge erred in ruling that Employer and Carrier were authorized to take the social security disability offset against the past-due workers' compensation benefits. As stated in Burley v. Santa Fe College, 393 So.2d at 1186, where benefits are being paid, a carrier may reduce compensation benefits for a social security offset only prospectively, as of the date it first exercises its right to the social security offset, and thus that date controls in determining which workers' compensation benefits may be offset against social security disability benefits.
We reject Employer and Carrier's argument that the supreme court approved the application of a social security offset to past-due benefits in Department of Public Health v. Wilcox, 543 So.2d 1253 (Fla. 1989). The sole issue in Wilcox was whether the taking of a social security offset must first be authorized by a judge or whether the employer may take the offset unilaterally without such authorization. The supreme court held that the offset is self-executing in nature and that the employer and carrier may take it administratively. That opinion does not indicate that the employer applied the offset to past-due benefits,[1] and the court's decision did not address whether an employer may apply a social security offset to past-due benefits. On the contrary, the court did note that an offset can be taken only prospectively.
We likewise reject Employer and Carrier's argument that Quail Ridge v. Johnson, 584 So.2d 199 (Fla. 1st DCA 1991), holds that an employer and carrier may apply a social security offset to past-due benefits. Like Wilcox, the Quail Ridge opinion addressed only the question of whether an employer and carrier may unilaterally *1356 apply a social security offset to workers' compensation benefits.
We adhere to the law established in the cited decisions that a social security disability offset may be taken only prospectively, and reverse the appealed ruling that Employer and Carrier could apply the social security offset to Claimant's past-due benefits derived from the adjustment of AWW during the period Claimant received temporary benefits. We remand with directions to require payment of the full past-due portion of Claimant's TTD benefits. The order is affirmed in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] The third district's opinion, which the supreme court quashed in Wilcox, likewise does not indicate that the employer and carrier applied the setoff to past-due benefits.