KAHN, Judge.
Appellants challenge an order of the Judge of Compensation Claims (JCC) which holds that the employer/earrier (E/C) may not take an offset pursuant to section 440.15(9)(a), Florida Statutes, for social security disabled widow benefits under 42 U.S.C. section 402(e). We look to the plain language of the statute and affirm.
Section 440.15(9)(a) provides, in part:
(9) EMPLOYEE ELIGIBLE FOR BENEFITS UNDER THIS CHAPTER AND FEDERAL OLD-AGE, SURVIVORS, AND DISABILITY INSURANCE ACT.—
(a) Weekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. s. 423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss. 423 and 402, does not exceed 80 percent of the employee’s average weekly wage.
The plain language of section 440.15(9)(a) allows workers’ compensation benefits to be reduced for injuries to “an employee who becomes eligible for benefits under 42 U.S.C. s. 423.” Here, claimant was not eligible for benefits under 42 U.S.C. s. 423, and therefore E/C was not entitled to an offset. The triggering provision makes no mention of section 402, which includes the provision for disabled widow benefits. Section 402 is mentioned only for the purpose of calculating the amount of offset after entitlement to offset has been established based on eligibility for benefits under 42 U.S.C. s. 423.
The E/C argue that the language of the statute is not so clear. They rely on Burks v. Day’s Harvesting, Inc., 597 So.2d 858 (Fla. 1st DCA 1992), in which the court construed the term “becomes eligible” for benefits, in section 440.15(9)(a), to include situations in which the claimant was already receiving social security disability benefits prior to the time he suffered his workers’ compensation injury. This court relied on the purpose of the act, stating:
Section 424a of the Federal Act was an act to prevent claimants from receiving ‘windfall’ benefits.... Construing Section 440.15(9)(a) in a like manner, we hold the offset may be taken when the claimant is receiving social security disability benefits even if the claimant started receiving social security disability benefits before the industrial accident occurred and such benefits are the result of a totally distinct physical or mental condition.
The Burks case is distinguishable. In Burks claimant was being compensated twice for his own loss of earning capacity based on two separate and distinct injuries. In the instant case, there is no duplication of benefits because the purpose of 42 U.S.C. section 402(e) disabled widow benefits is to compensate a widow for actual economic loss arising out of the wage earner’s death, while the purpose of workers’ compensation benefits is to compensate claimant for loss of her own wage earning capacity. Disabled widow benefits under section 402(e) are based on the deceased wage earner’s primary insurance amount, not the claimant’s primary insurance amount.
Accordingly, we AFFIRM the JCC’s order.
DAVIS, J., and SMITH, Senior Judge, concur.