**Tarif SHABAZZ, Plaintiff–Appellant,**

v.

**Otis BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

**No. 967, Docket 89–6245.**

United States Court of Appeals, Second Circuit.

Argued April 6, 1990.

Decided April 12, 1990.[*]

---

* This appeal was originally heard on April 6, 1990, and was decided by order filed April 12, 1990. Such a summary disposition has no precedential value under our Local Rule § 0.23. Counsel for appellee, however, has requested that the April 12 order be published, and we have decided to repeat the substance of our April 12 order in this per curiam opinion, which will be published.

Tarif Shabazz, pro se.

Thomas A. McFarland, Brooklyn, N.Y., Asst. U.S. Atty., E.D.N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Robert L. Begleiter, Asst. U.S. Atty., of counsel), for defendant-appellee.

Before KAUFMAN, FEINBERG and WALKER, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Tarif Shabazz, pro se, appeals from a judgment of the United States District Court for the Eastern District of New York, Edward R. Korman, J., dated October 18, 1989, which affirmed the decision of defendant-appellee Secretary of Health and Human Services (Secretary) to offset workers' compensation benefits received by appellant from his Social Security disability insurance benefits. Shabazz's case arose in connection with the Secretary's treatment of the December 1977 settlement of his workers' compensation claim for a lump sum payment of $18,000.00. The Secretary treated this sum as a substitute for periodic workers' compensation payments, and concluded that this required him to make offsets (amounting to $151.70 per month) from Shabazz's monthly Social Security disability insurance benefits. Shabazz objects to this reduction.

Shabazz advances several arguments in support of his contention that the $18,000.00 lump sum payment received by him in settlement of his workers' compensation claim did not represent "a commutation of, or a substitute for, periodic payments" within the meaning of 42 U.S.C. § 424a(b) and that the offset to his Social Security disability benefits was thus improper. He first argues that the lump sum payment did not justify an offset, because the settlement represents a retroactive award for loss of wages due him after his job-related injury and his discriminatory termination from that job. Shabazz thus implies that the lump sum payment was in settlement of an award he received pursuant to N.Y. Work.Comp.Law § 120 for discriminatory termination. We are not persuaded. The Secretary's determination that the $18,000.00 lump sum payment was a commutation of, or a substitute for, periodic payments was supported by substantial evidence. See 42 U.S.C. § 405(g). The evidence supporting the Secretary's determination included, but was not limited to the following: the employer's carrier verified that for a time Shabazz had received weekly benefits and then received a lump sum settlement; personnel from the employer's compensation carrier verified that the lump sum settlement was a commutation of periodic benefits—no deductions were made for attorney's fees or medical expenses; and, as Shabazz himself testified, the $18,000 lump sum payment was separate and distinct from the § 120 award, since the latter was paid by his employer, as was statutorily required, while the former was paid by the employer's compensation carrier. Moreover, in view of the explicit terms of 42 U.S.C. § 424a(a), (b), which mandate an offset under these circumstances, the Secretary's determination was free from legal error.

Shabazz next argues that the offset was inappropriate under N.Y. Work.Comp. Law § 206(1)(a), because the lump sum settlement was paid for a work-related back injury, whereas the Social Security disability insurance benefits were received for a knee injury. We do not agree. Even if we accept the unlikely assumption that there

534

were different bases for the two types of disability benefits, § 206(1)(a) nevertheless has no application to the offset of Social Security disability insurance benefits, but rather governs disabilities under Article 9 of New York's Workers' Compensation Law, that is, disabilities that do not arise out of the course of employment. See N.Y. Work.Comp. Law § 201(9)(A). See also *Kananen v. Matthews*, 555 F.2d 667 (8th Cir.) (per curiam) (rejecting "different disabilities" argument), cert. denied sub nom. *Kananen v. Califano*, 434 U.S. 939, 98 S.Ct. 429, 54 L.Ed.2d 298 (1977).

Shabazz also claims that the offset served to transpose his Social Security disability insurance benefits and his Supplemental Security Income (SSI) benefits, presumably meaning that after the settlement was accomplished, he began to receive full Social Security disability payments but reduced SSI benefits. This issue was apparently not presented to the district court. But, even if we assume that this question is properly before this court, we note that 42 U.S.C. § 1382(b) provides that an increase in a non-excludable income source such as Social Security disability insurance benefits can serve to reduce a claimant's SSI benefits in a like amount.

We affirm the judgment of the district court.