**Richard RUDD, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.**

No. 01–5582.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before MARTIN, Chief Circuit Judge; KEITH and KENNEDY, Circuit Judges.

## ORDER

Richard Rudd appeals a district court judgment which affirmed the Commissioner's decision to apply a worker's compensation offset in calculating his social security disability and supplemental security income benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The Commissioner determined that Rudd had been disabled since April 14, 1992, primarily due to acute viremia and degenerative disc disease. That decision is not directly at issue here.

In 1996, Rudd was notified that his benefits had been overpaid. He challenged this calculation, and an Administrative Law Judge ("ALJ") determined that his benefits were properly offset by $20,371, due to retroactive worker's compensation benefits that he had received. This opinion became the final decision of the Commissioner on February 25, 2000, when the appeals council declined further review.

Rudd filed a timely complaint in the federal court. The district court adopted a magistrate judge's recommendation over his objections, and dismissed the case on April 4, 2001. It is from this judgment that he now appeals.

Rudd's current argument involves an issue of pure statutory interpretation. Thus, we must determine whether the Commissioner employed the proper legal standards in offsetting his disability benefits. *See Garcia v. Secretary of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir.1995).

In particular, Rudd argues that the Commissioner misinterpreted 42 U.S.C. § 424a(a), which provides in pertinent part as follows:

If for any month prior to the month in which an individual attains the age of 65—

(1) such individual is entitled to benefits under section 423 of this title, and

(2) such individual is *entitled for such month* to—

(A) periodic benefits on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State ...

the total of his benefits under section 423 of this title for such month and of any benefits under section 402 of this title for such month based on his wages and self-employment income shall be reduced (but not below zero) by the amount by which the sum of—

(3) such total of benefits under sections 423 and 402 of this title for such month, and

(4) such *periodic benefits payable (and actually paid) for such month* to such individual under such laws or plans, exceeds the higher of—

(5) 80 per centum of his "average current earnings", or

(6) the total of such individual's disability insurance benefits under section 423 of this title for such month and of any monthly insurance benefits under section 402 of this title for such month based on his wages and self-employment income, prior to reduction under this section ....

42 U.S.C. § 424a(a) (emphasis added).

Rudd primarily argues that an offset was not authorized under § 424a(a)(4) for the months prior to August 5, 1996, because he was not "entitled to" or "actually paid" worker's compensation until that time. However, there is nothing in the disputed statute which limits the offset to worker's compensation benefits that are

actually paid *during* any particular month. Instead, the statute merely requires that the claimant be paid these types of benefits *"for* such month." 42 U.S.C. § 424a(a)(4) (emphasis added). It is undisputed that Rudd has now been "actually paid" $61,606.75 in retroactive worker's compensation benefits for the months prior to August 5, 1996. It is clear that he was also "entitled to" worker's compensation for those months. Thus, the Commissioner employed the proper legal standard when he applied a § 404a(a) offset in Rudd's case, as the offset was consistent with the plain language of the statute. *See Shabazz v. Bowen,* 912 F.2d 532, 533 (2d Cir.1990).

Rudd now argues that his interpretation of the statute is consistent with the underlying legislative policy of preventing overlapping payments as well as the administrative regulations that implement the offset provision. We need not reach these arguments because the proper application of § 424a(a) is clear from the plain language of the statute. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Garcia,* 46 F.3d at 555–56.

Accordingly, the district court's judgment is affirmed.